**STOUFFER HOTEL CO., Plaintiff,**

v.

**TEACHERS INSURANCE, Lincoln Property, and Lincoln–Urban Centre, Defendants.**

**No. 87–1365–CIV–T–23B.**

United States District Court, M.D. Florida, Tampa Division.

May 3, 1995.

Marvin E. Barkin, Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A., Tampa, FL, Timothy J. Coughlin, Thompson, Hine & Flory, Cleveland, OH, Mary Lee Pilla, Solon, OH, Richard B. Wilkes, Gardner, Wilkes, Shaheen & Candelora, Tampa, FL, for Stouffer Hotel Co.

Eben G. Crawford, Squire, Sanders & Dempsey, Miami, FL, Wayne L. Thomas, Tampa, FL, for Teachers Insurance.

Karl L. Rubinstein, Jeffrey L. Wood, Rubinstein & Perry, LLP, Dallas, TX, Byron L. Woolley, Simpson, Woolley & McConachie, LLP, Dallas, TX, Wayne L. Thomas, Tampa, FL, for Lincoln Property and Lincoln–Urban Centre.

### ORDER

MERRYDAY, District Judge.

 The defendants have requested an award of attorneys' fees consequent upon the plaintiff's declining an offer of judgment. The defendant's motions under Rule 50, Federal Rules of Civil Procedure, were granted at the close of the plaintiff's evidence. The Eleventh Circuit Court of Appeals affirmed. *Stouffer Corp. v. Teachers Ins. & Annuity Ass'n of America*, 20 F.3d 1174 (11th Cir. 1994).

The defendants' requests prompt an inquiry into the meaning and history of Section 45.061, Florida Statutes; Section 768.79, Florida Statutes; Rule 1.442, Florida Rules of Civil Procedure; and several decisions of Florida's appellate courts, including *Timmons v. Combs*, 608 So.2d 1 (Fla.1992), and related cases. However, the disposition of the defendants' requests is more accessible than (although entirely consistent with) a studied reconciliation of the admittedly confusing series of cases, statutes, and rules affecting the subject (characterized aptly by Mr. Barkin at oral argument as "one of the most oblique areas of rule and law that I think I have ever seen").

In short, assessed in light of all the facts and circumstances of this case, the plaintiff's rejection of the defendants' offer of judgment was not unreasonable. First, the plaintiff's grievance against the defendants is understandable, and the plaintiff's counsel advanced the grievance with skill and determination. A significant economic opportunity was lost to the plaintiff because of acts that the plaintiff viewed as wrong. Nonetheless, after hearing the plaintiff's evidence for several days, I concluded that no cause of action was available to the plaintiff under applicable law. I did not conclude either then or now that the plaintiff or plaintiff's counsel proceeded frivolously, precipitously, malevolently, or even unwisely. I concluded after considerable analysis that the facts of this case fall outside the bounds of the alleged cause of action. Others might well disagree. The notion of tortious interference with a contract, prospective advantage, or business relation and the attendant defense of "privilege," among the most poorly defined areas of commercial law, remind the observer of "bad faith" and "commercial unreasonableness," other notions about which well-informed and reasonable persons mightily disagree. Although I found the facts of this case outside the bounds of the alleged cause of action, I find the facts of this case comfortably within the informed discretion of counsel in acquitting an attorney's responsibility to a client, i.e., the area within which a party and his client may pursue a remedy without incurring the pain of an adverse award of attorneys' fees, at least until and unless the applicable law includes a strict policy of "loser pays."

 Second, an offer of judgment or offer of settlement or the same thing by another name ought to be more than a carefully crafted, cleverly calculated, and disingenuous attempt to shift the economic burden of litigation. An offer of judgment ought to fairly account for the risks of litigation, the costs and fees at stake, and the other components of uncertainty that sophisticated persons assay when deciding whether to settle. A *bona fide* offer of judgment should be sufficient to cause a temperate and knowledgeable attorney to pause and carefully evaluate his client's stance. (Because an unreasonable offer cannot be refused unreasonably, the offer warrants some close inspection.) Insincerity disguised as an offer of judgment fails to meet the test of reasonableness contemplated by those statutes, rules, and controlling judicial decisions that govern the award of attorneys' fees in Florida. The range of potential recovery, the clarity of the law, the extent of invested effort, and other considerations necessarily affect the balance. It suffices to say that not every beneficiary of judgment as a matter of law under Rule 50, Federal Rules of Civil Procedure, warrants an award of attorneys' fees in a diversity case governed by Florida law. In fact, neither the amount of money tendered by the

defendants (considered in light of the claim) nor the ultimate result in this litigation gravitates materially toward an award of fees. "But for" a difficult decision, things might well have gone quite differently.

For these reasons, I find that the plaintiff reasonably rejected the defendants' offer of judgment and for these and the other reasons (at least one of which provides an independent legal basis to support this ruling) advanced by the plaintiff, the defendants' motions (Docs. 321 and 322) are **DENIED.** The defendants' are entitled to those costs otherwise assessable against the plaintiff, and the Clerk is directed to proceed forthwith to enter judgment accordingly.