662 So.2d 1323 (1995)
Gary MINCIN, Appellant/Cross-Appellee,
v.
Georgia Struck SHORT, Appellee/Cross-Appellant.
No. 94-02012.
District Court of Appeal of Florida, Second District.
November 3, 1995.
*1324 Samuel S. Mehring, Jr., Tampa, and Barbara J. Compiani of Caruso, Burlington, Bohn & Compiani, West Palm Beach, for Appellant/Cross-Appellee.
Selene R. Oxendine and Robert H. Oxendine of Oxendine and Oxendine, P.A., Tampa, for Appellee/Cross-Appellant.
LAZZARA, Judge.
The appellant/cross-appellee, Gary Mincin, challenges a final judgment rendered in his action for personal injuries. We reject his arguments in support of reversal and affirm. We agree, however, with the arguments of the appellee/cross-appellant, Georgia Short, that the trial court erred in denying her motion for attorney's fees and costs filed pursuant to section 768.79, Florida Statutes (1989), and in awarding Mincin all of his taxable costs under section 57.041, Florida Statutes (1993). Accordingly, we reverse and remand for further proceedings.
Mincin sued Short for damages arising out of personal injuries he sustained in an automobile accident with Short. Before trial, Short filed an offer of judgment in the amount of $10,000, "inclusive of any Offers now pending, costs and fees." Mincin rejected the offer and proceeded to trial. The jury by its verdict determined that Short was solely negligent but that Mincin did not sustain a permanent injury. It did, however, award Mincin $5,000 for past medical expenses and lost earnings. The trial court later rendered a final judgment in accord with the jury's verdict, reserving jurisdiction to determine the amount of attorney's fees and costs awardable to the parties.
Short moved for attorney's fees and costs under section 768.79, contending that the amount of the judgment obtained by Mincin was at least 25 percent less than her offer. Mincin sought all of his taxable costs under section 57.041, arguing his entitlement to such costs as the prevailing party. At the hearing on the motions, the trial court accepted Mincin's argument that he was entitled to all of his taxable costs and granted his motion. It also accepted Mincin's argument that these costs had to be added to the jury's award in determining whether the judgment obtained by Mincin was at least 25 percent less than Short's offer of judgment. Because the addition of Mincin's taxable costs to the jury's award resulted in a figure far in excess of Short's offer, the trial court denied her motion. As we will explain, these rulings constituted reversible error.
We first consider the propriety of the trial court's denial of Short's motion for fees and costs. Section 768.79(1)(a), Florida Statutes (1989), provides in pertinent part that:
In any action to which this part applies, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the offer if the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award.
(Emphasis added.)[1] In this case, Mincin has never contended that the amount awarded by the jury was at least 25 percent less than Short's offer. Instead, he has consistently maintained that the "judgment obtained" must include taxable costs in determining whether a defendant has satisfied the statute's mathematical criteria for an award of fees and costs. We reject this reasoning.
It is well settled in this state that statutory costs are not damages and are recoverable by a successful litigant only as an incident to the main action. E.g., Golub v. Golub, 336 So.2d 693 (Fla. 2d DCA 1976). In *1325 accord with this basic principle, the court in Williams v. Brochu, 578 So.2d 491, 493 (Fla. 5th DCA 1991), held that the term "judgment obtained" in section 768.79(1)(a), Florida Statutes (Supp. 1986), "means the amount of the judgment for damages awarded by the jury for the cause of action being tried and does not include taxable costs or attorney's fees provided by statutes and rules which are taxable by the court incidental to the jury's consideration of an award for damages."[2] We adopt this construction of the statute and reverse the trial court's order denying Short's motion for fees and costs because of the improper addition of taxable costs to the jury's award in determining the amount of the "judgment obtained" by Mincin. In doing so, we also reject Mincin's argument that Short made costs an integral element of her offer. See Hellmann v. City of Orlando, 610 So.2d 103 (Fla. 5th DCA 1992); Stewart v. Progressive American Ins. Co., 595 So.2d 272 (Fla. 1st DCA 1992).
We also conclude that Mincin was not entitled to taxable costs incurred after Short filed her offer of judgment. In Goode v. Udhwani, 648 So.2d 247 (Fla. 4th DCA 1994), the court recently considered the interplay between sections 57.041 and 768.79 in determining the taxable costs that could be recovered by a plaintiff who rejected an offer of judgment and later received a judgment in her favor which was at least 25 percent less than the offer. After declining to construe the statutes in pari materia in light of the legislative intent in enacting the penalty provisions of section 768.79, it concluded that "[t]o allow a plaintiff who has not been successful under section 768.79 to still recover costs incurred after the offer was filed would negate at least part of the penalty which the legislature intended to impose." Id. at 248 (emphasis added). The court then reversed the award of costs incurred by the plaintiff after the offer was filed. We likewise adopt this reasoning and reverse the trial court's order granting Mincin taxable costs incurred after the filing of Short's offer.
Accordingly, on remand, we direct the trial court to revisit both motions. As to Short's motion, because she has satisfied the prerequisites of the statute entitling her to attorney's fees and costs, it should be granted unless the trial court finds bad faith on her part in making the offer. Schmidt v. Fortner, 629 So.2d 1036 (Fla. 4th DCA 1993), approved, TGI Friday's, Inc. v. Dvorak, 20 Fla. L. Weekly S436, ___ So.2d ___ (Fla. Aug. 24, 1995). If the motion is granted, then the trial court shall perform the offset mandated by section 768.79(1)(a). Finally, as to Mincin's motion, it should be granted but only to the extent of those taxable costs incurred prior to the filing of Short's offer of judgment.
Affirmed in part, reversed in part, and remanded for further proceedings with directions.
RYDER, A.C.J., and WHATLEY, J., concur.
NOTES
[1] Because the accident in this case occurred in June of 1989, we apply this version of the statute. City of Punta Gorda v. Burnt Store Hotel, Inc., 650 So.2d 142 (Fla. 2d DCA 1995).
[2] We note that the 1986 and 1989 versions of this statute are identical.