709 So.2d 139 (1998)
Robert P. STEPHENSON, Appellant,
v.
HOLIDAY RAMBLER CORPORATION, Appellee.
No. 97-0186.
District Court of Appeal of Florida, Fourth District.
March 18, 1998.
Rehearing, Rehearing and Certification Denied May 13, 1998.
*140 Raymond G. Ingalsbe of Raymond G. Ingalsbe, P.A., Palm Beach Gardens, for appellant.
John M. Mullin of Duke, Mullin & Galloway, P.A., Fort Lauderdale, for appellee.
Rehearing, Rehearing En Banc and Certification Denied May 13, 1998.
STONE, Chief Judge.
We reverse an order awarding attorney's fees to Appellee/Defendant, pursuant to section 768.79, Florida Statutes, based on Appellant's rejection of an offer of judgment. Appellee initially had made an offer of judgment to pay Appellant $10,000 inclusive of attorney's fees. The parties later settled and a judgment was entered for $4,450, exclusive of fees. The parties agreed that both sides could still seek an award of attorney's fees under section 768.79. The underlying action was brought pursuant to the Magnuson-Moss Warranty Act, itself containing a fee shifting provision recognizing that a prevailing plaintiff would ordinarily recover costs and attorney's fees.
The $10,000 offer was made after more than a year of litigation by which time Plaintiff's counsel claims to have incurred approximately 58 billable hours, which Appellant asserts would have resulted in his incurring a $16,500 fee. The basis for the trial court's decision awarding fees to the defense was a finding that the actual recovery of $4,450 was more than 25% less than the $10,000 offer.
We have recognized that offers of judgment may be made inclusive of the other side's prevailing party attorney's fees. Stewart Select Cars, Inc. v. Moore, 619 So.2d 1037 (Fla. 4th DCA 1993). However, we conclude that where an offer is made inclusive of fees, in good faith as found here, the offeror also has a burden to demonstrate that the 25% required disparity exists within the offer exclusive of a reasonable fee. We have considered Mincin v. Short, 662 So.2d 1323 (Fla. 2d DCA 1995), where the plaintiff rejected a $10,000 offer inclusive of fees and costs, and the court concluded, as did the trial court here, that the prevailing plaintiff's fees and costs should not be added to the $5,000 verdict in determining whether the offer exceeds *141 the judgment by requisite 25%. We acknowledge that this opinion may conflict, at least in part, with Mincin. We note, however, that Mincin apparently did not involve an offer under a fee shifting statute.
On remand, the court should calculate Plaintiff's reasonable attorney's fees up to the time of the offer, and then add this amount to the final judgment. If this amount is more that 25% less than the offer, then Defendant should be awarded attorney's fees under § 768.79, assuming the trial court finds that this offer was made in good faith. Otherwise, the trial court should consider Plaintiff's claim for attorney's fees as the prevailing party under the Magnuson-Moss Warranty Act.
GROSS, J., and DAKAN, STEPHEN L., Associate Judge, concur.