816 So.2d 546 (2002)
William J. WHITE, Petitioner,
v.
STEAK AND ALE OF FLORIDA, INC., d/b/a Bennigan's, Respondent.
No. SC01-96.
Supreme Court of Florida.
April 18, 2002.
*547 Joseph A. Eustace, Jr. of Anthony J. Laspada, P.A., Tampa, FL, for Petitioner.
Charles Tyler Cone of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, FL, for Respondent.
Thomas R. Thompson of Thompson, Crawford & Smiley, Tallahassee, FL, for Florida Defense Lawyers Association, Amicus Curiae.
PARIENTE, J.
We have for review the decision of the Second District Court of Appeal in White v. Steak & Ale of Florida, Inc., 779 So.2d 527, 528 (Fla. 2d DCA 2000), which certified conflict with the decision of the Third District Court of Appeal in Perez v. Circuit City Stores, Inc., 721 So.2d 409 (Fla. 3d DCA 1998), review dismissed, 729 So.2d *548 390 (Fla.1999). The issue in this case is whether, under the offer of judgment statute, section 768.79, Florida Statutes (1993), pre-offer taxable costs are included in calculating the "judgment obtained" for the purpose of determining whether the party making the offer is entitled to attorneys' fees under section 768.79. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

BACKGROUND
Petitioner William White filed a personal injury lawsuit against Steak and Ale for injuries arising out of an incident that occurred on December 16, 1993, claiming Steak and Ale was negligent in the maintenance of its premises. On August 27, 1996, Steak and Ale served on White an "Offer of Settlement and Dismissal Pursuant to Florida Statutes § 768.79," in the total amount of $15,000. White rejected the offer and the case proceeded to trial, resulting in a net verdict of $8,025.
Steak and Ale then moved to recover fees and costs under section 768.79(6), Florida Statutes (1993). This statute provides that when the plaintiff rejects an offer and the judgment obtained is "at least 25% less" than the offer, the defendant who makes the offer is entitled to recover its post-offer attorneys' fees and costs. At the same time, White separately filed a motion to tax costs incurred before Steak and Ale's offer in the amount of $4,243, and the trial court entered a cost judgment for White in that amount. White then asserted that Steak and Ale was not entitled to recover its fees and costs under the offer of judgment statute because the judgment obtained was $12,268, consisting of the jury verdict of $8,025 plus the pre-offer taxable costs of $4,243. Thus, White argued the judgment obtained exceeded the 25%-of-offer threshold of $11,250 (75% of $15,000).
Although the trial court granted White's motion to tax $4,243 as pre-offer costs in his favor as prevailing party, the trial court felt bound by Mincin v. Short, 662 So.2d 1323 (Fla. 2d DCA 1995), not to consider those pre-offer costs in determining whether the judgment obtained exceeded the 25%-of-offer threshold. The trial court then found Steak and Ale's fees and costs to be $96,487.59 and, after making appropriate statutory adjustments, entered a final judgment for Steak and Ale in the amount of $98,624.40. White appealed to the Second District, which affirmed the trial court, citing Mincin, and certified conflict with Perez. See White, 779 So.2d at 528.

ANALYSIS
In resolving the conflict between the district courts, we begin with the language of the controlling statute, section 768.79. Specifically, section 768.79(6) sets forth how the court must determine whether the offeror is entitled to recover attorneys' fees and costs:
Upon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal, the court shall determine the following:
(a) If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served, and the court shall set off such costs in attorney's fees against the award. When such costs and attorney's fees total more than the amount of the judgment, the court shall *549 enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the award to the plaintiff.
(b) If a plaintiff serves an offer which is not accepted by the defendant, and if the judgment obtained by the plaintiff is at least 25 percent more than the amount of the offer, the plaintiff shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served.
For purposes of the determination required by paragraph (a), the term "judgment obtained" means the amount of the net judgment entered, plus any postoffer collateral source payments received or due as of the date of the judgment, plus any postoffer settlement amounts by which the verdict was reduced. For purposes of the determination required by paragraph (b), the term "judgment obtained" means the amount of the net judgment entered, plus any postoffer settlement amounts by which the verdict was reduced.
§ 768.79(6), Fla. Stat. (1993) (emphasis added).
Pursuant to this statutory scheme, if a defendant properly serves an offer on a plaintiff who rejects the offer, then an amount 25% less than the offered amount constitutes the judgment threshold. If the plaintiff later obtains a judgment that is at or below this threshold, then the defendant may recover any attorneys' fees and taxable costs incurred after the plaintiff rejected the offer, and the plaintiff is entitled only to the taxable costs incurred before receiving the offer.
The statute operates in a parallel manner with regard to offers made by a plaintiff.[1] If a plaintiff serves an offer on a defendant, then an amount that is 25% more than the amount demanded constitutes the judgment threshold. If the plaintiff later obtains a judgment that is at or above the threshold, then the plaintiff may recover any attorneys' fees and taxable costs incurred after rejecting the offer.[2]
In determining whether the threshold amount has been met, the components included in the judgment obtained become critical. The question presented by this case is whether a prevailing party's preoffer taxable costs are included for purposes of calculating the "judgment obtained." The Second and Fifth District Courts of Appeal have defined the term "judgment obtained" as limited to "the amount of the judgment for damages awarded by the jury." Mincin, 662 So.2d at 1325 (quoting Williams v. Brochu, 578 So.2d 491, 493 (Fla. 5th DCA 1991)); see also Gulf Coast Transp. v. Padron, 782 So.2d 464, 467 (Fla. 2d DCA 2001). The Third District in Perez and the Fourth District Court of Appeal have disagreed, concluding that a trial court is required to add taxable costs incurred up to the time *550 of the offer when calculating the judgment obtained for purposes of determining entitlement to attorneys' fees and costs under section 768.79. See Perez, 721 So.2d at 412; Herzog v. K-Mart Corp., 760 So.2d 1006, 1009, n. 3 (Fla. 4th DCA 2000), disapproved on other grounds by Allstate Indem. Co. v. Hingson, 808 So.2d 197 (Fla. 2002).
We conclude that the "judgment obtained" is not limited to or equated solely with the amount of the judgment for damages. As the Third District reasoned in Perez, the amount of the judgment for damages awarded by the jury is the "verdict," not the judgment. Perez, 721 So.2d at 411 (citing Black's Law Dictionary 1559 (6th ed.1990)). The Third District explained in Perez that "[w]hile a jury's verdict is certainly an important part of the `judgment obtained,'" the judgment obtained could not be equated with the jury verdict. Perez, 721 So.2d at 411. See also State Farm Mut. Auto. Ins. v. Kujawa, 782 So.2d 1003, 1005 (Fla. 4th DCA 2001) (citing Perez and holding that "the correct source from which to determine whether to award section 786.79 attorneys' fees is the judgment, not the verdict").
In fact, the "judgment obtained," as defined by statute, is the net judgment entered, plus any post-offer collateral source payments received or due as of the date of the judgment, plus any post-offer settlement amounts by which the verdict was reduced. See § 768.79(6)(b). This definition does not limit the net judgment entered to the verdict.
In excluding the calculation of the amount of costs from the term "judgment obtained," the Mincin and Williams courts relied upon cases holding that costs are incidental to an action for jurisdictional purposes. See Mincin, 662 So.2d at 1324 (citing Golub v. Golub, 336 So.2d 693 (Fla. 2d DCA 1976)); Williams, 578 So.2d at 493 n. 3 (citing Louisville & Nashville Railroad Co. v. Sutton, 54 Fla. 247, 44 So. 946 (1907)). However, although costs may be incidental for determining the jurisdictional threshold, they are not incidental for determining the judgment threshold because a prevailing party is entitled to a judgment for taxable costs.[3]
Moreover, common sense, fairness, and the purpose of the offer-of-judgment statute, which is to encourage settlements of lawsuits, also lead us to this conclusion. In determining both the amount of the offer and whether to accept the offer, the party necessarily must evaluate not only the amount of the potential jury verdict, but also any taxable costs, attorneys' fees, and prejudgment interest to which the party would be entitled if the trial court entered the judgment at the time of the offer or demand.[4] As we stated in Danis *551 Industries Corp. v. Ground Improvement Techniques, Inc., 645 So.2d 420, 421-22 (Fla.1994):
[A]ny offer of settlement shall be construed to include all damages, attorney fees, taxable costs, and prejudgment interest which would be included in a final judgment if the final judgment was entered on the date of the offer of settlement.
Id. at 421-22. We reaffirmed this principle in our recent decision in Scottsdale Insurance. Co. v. DeSalvo, 748 So.2d 941, 944 n. 3 (Fla.1999), where we explained that the plaintiff's "recovery" must be added to its "attorney fees, costs, and prejudgment interest" accrued up to the date of the "offer" to determine the total "judgment." It is this judgment to which the offer must be compared in determining whether to award fees and costs. Id.[5]
In summary, we conclude that the "judgment obtained" pursuant to section 768.79 includes the net judgment for damages and any attorneys' fees and taxable costs that could have been included in a final judgment if such final judgment was entered on the date of the offer. Thus, in calculating the "judgment obtained" for purposes of determining whether the party who made the offer is entitled to attorneys' fees, the court must determine the total net judgment, which includes the plaintiff's taxable costs up to the date of the offer and, where applicable, the plaintiff's attorneys' fees up to the date of the offer.
In this case the total amount offered by Steak and Ale pursuant to the offer of judgment statute was $15,000. The net judgment obtained by White was $12, 268, which included White's pre-offer costs of $4,243 for which the trial court entered a separate judgment. Accordingly, the judgment obtained by White exceeded the 25%-of-offer threshold.
We therefore quash the decision below, approve Perez, and disapprove Gulf Coast, Mincin, and Williams to the extent they are inconsistent with this opinion.
It is so ordered.
WELLS, C.J., and SHAW, ANSTEAD, LEWIS, and QUINCE, JJ., concur.
HARDING, J., concurs in part and dissents in part with an opinion.
HARDING, J., concurring in part and dissenting in part.
In order to determine whether the term "judgment obtained" in section 768.79 includes costs, one must first determine whether the offer of judgment included costs. In other words, apples must be compared to apples. This was the reasoning of the Third District in Perez,[6] which the majority claims to approve:
In State Farm Life Insurance Co. v. Bass, 605 So.2d 908 (Fla. 3d DCA 1992), we held that in order for a plaintiff to preserve his entitlement to attorney's fees, the plaintiff's demand must include costs. In accordance with the Bass rule, the plaintiff's $6,000.00 demand for judgment stated that it was inclusive of costs and prejudgment interest and that it was meant to resolve all pending claims.

*552 There is a correlation between the amount demanded and the amount that needs to be recovered in order to trigger entitlement to attorney's fees under the demand for judgment statute. The higher the demand, the higher the judgment threshold. Because the inclusion of costs in a plaintiff's demand necessarily raises the amount demanded, it follows that the inclusion of costs in the demand also raises the judgment threshold. It would be inherently unfair to force the plaintiff to include costs in his demand for judgment, and consequently in setting the judgment threshold, and not to include them in determining whether that threshold has been met. Apples must be compared to apples.

Moreover, we note that other demand for judgment statutes require evenhanded comparisons. For example, Section 45.061, Florida Statutes (1997), which applies to causes of action accruing on or before October 1, 1990, and Section 627.428, Florida Statutes (1997), which applies in insurance disputes, require pre-demand costs to be included in the "judgment" for purposes of determining entitlement to attorney's fees. Section 45.061 explicitly provides that the judgment obtained is "the total amount of money damages awarded plus the amount of costs and expenses reasonably incurred by the plaintiff or counter-plaintiff prior to the making of the offer." § 45.061(2)(b), Fla. Stat. (1997). Section 627.428 has been interpreted in the same manner. See DeSalvo v. Scottsdale Ins. Co., 705 So.2d 694 (Fla. 1st DCA 1998), review granted, 717 So.2d 537 (Fla. May 20, 1998). Because Section 768.79 serves the same purpose as these statutes, we follow the same reasoning. See Stephenson v. Holiday Rambler, 709 So.2d 139 (Fla. 4th DCA 1998).
721 So.2d at 411-12 (emphasis added) (footnote and some citations omitted).
In the Third District, offers and demands for judgment under section 768.79 must include costs. See Clinica Lourdes, Inc. v. Miro, 713 So.2d 1062 (Fla. 3d DCA 1998). Therefore, the Perez court reasoned that if offers or demands are inclusive of costs, then the judgment threshold under section 768.79 must also be inclusive of costs. However, not all districts require that offers and demands include costs. See Siedlecki v. Arabia, 699 So.2d 1040, 1042 (Fla. 4th DCA 1997) ("[T]he trial court ruled that the demands were not valid because they failed to specify a sum certain for costs, including attorney's fees. This was error, as a plaintiff need not include taxable costs or attorney's fees otherwise provided by statute and rule that the court would tax against a defendant incidental to the jury's damage award."); Hellmann v. City of Orlando, 610 So.2d 103, 104 (Fla. 5th DCA 1992) ("[T]he failure to state claimed cost in a dollar amount does not invalidate an otherwise valid offer of judgment."). Just as it would "be inherently unfair to force the plaintiff to include costs in his demand for judgment ... and not to include them in determining whether that threshold has been met," Perez, 721 So.2d at 411, it would also be inherently unfair to include costs in the judgment threshold under section 768.79 when it has not been established that the initial offer or demand included costs.
In the present case, Steak and Ale's offer did not include costs. At the time of the offer, there had not been any cases out of the Second District requiring such offers to include costs. Arguably, had White accepted Steak and Ale's offer, he would have been entitled to an award of taxable costs under section 57.041, Florida Statutes (1993). See Williams v. Brochu, 578 *553 So.2d 491, 493 (Fla. 5th DCA 1991) ("[A] plaintiff, accepting an Offer of Judgment (for damage claims) would still be entitled to an award of taxable costs under section 57.041.");[7]see generally Carson v. Quaile, 616 So.2d 462, 463-64 (Fla. 4th DCA 1993) (holding that the provision in a settlement agreement requiring payment of an unspecified amount of taxable costs was enforceable even though case did not go to trial). Pursuant to the "apples to apples" logic of the Perez court, since Steak and Ale's offer was exclusive of costs, then the judgment threshold of section 768.79 must also be exclusive of costs.[8] Unfortunately, the majority is applying the result of Perez rather than the reasoning, and, as a result, the majority is changing the rules of this case in the middle of the game.
It appears that the recent trend is to construe offers and demands for judgment to include taxable costs. See Danis Industries Corp. v. Ground Improvement Techniques, Inc., 645 So.2d 420, 421-22 (Fla. 1994); Stouffer Hotel Co. v. Teachers Ins., 944 F.Supp. 874, 875 (M.D.Fla.1995). In order to be consistent with these cases, I would require that all future offers made pursuant to section 768.79 be inclusive of costs.[9] In turn, I would also construe the term "judgment obtained" in section 768.79(1)(a) to include taxable costs incurred prior to an offer or demand for judgment. But for all pending cases, I *554 would only include costs in the judgment obtained if the offer itself included costs.
NOTES
[1] Although different statutes originally governed offers made by plaintiffs and offers made by defendants, in 1990 the Legislature consolidated the offer of judgment statute with section 45.061, Florida Statutes (1989), a statute entitled "Offers of settlement." Fla. S. Comm. on Insurance, CS for SB 2670 Staff Analysis 7 (May 24, 1990). The Legislature expanded section 768.79 to cover both offers of settlement and judgment, and limited the applicability of section 45.061 to causes of action accruing before October 1, 1990. See id. at 4, 6.
[2] For example, if the plaintiff rejects an offer for $100,000, the judgment threshold is $75,000. If the defendant rejects an offer for $100,000, the judgment threshold is $125,000.
[3] With regard to the dissenting opinion's reference to the Fifth District's 1991 decision in Williams, 578 So.2d at 493, we note that Williams was decided under a prior version of section 768.79. Unlike the current version of section 768.79, the prior version dealt only with offers of judgment. See supra note 1. Indeed, in explaining its reasoning, the Fifth District observed:

Perhaps the difference is between the concept of an offer to settle as opposed to the concept of an "offer of judgment." An offer to settle would be more inclusive resolving all matters for one stated sum whereas a plaintiff, accepting an Offer of Judgment (for damage claims) would still be entitled to an award of taxable costs under section 57.041, Florida Statutes.
Williams, 578 So.2d at 493. Because the present version of section 768.79 does not make the distinction between offers of judgment and offers to settle, the reasoning in Williams is no longer applicable.
[4] See Stouffer Hotel Co. v. Teachers Ins., 944 F.Supp. 874, 875 (M.D.Fla.1995), ("An offer of judgment ought to fairly account for the risks of litigation, the costs and fees at stake, and the other components of uncertainty that sophisticated persons assay when deciding whether to settle."), aff'd, 101 F.3d 707 (11th Cir.1996).
[5] Although Danis and Scottsdale involved an award of attorneys' fees under section 627.428, we see no reason why this rationale should not apply equally to offers or demands made under section 768.79(6).
[6] Perez v. Circuit City Stores, Inc., 721 So.2d 409 (Fla. 3d DCA 1998).
[7] In Williams, the district court reasoned:

Perhaps the difference is between the concept of an offer to settle as opposed to the concept of an "offer of judgment." An offer to settle would be more inclusive resolving all matters for one stated sum whereas a plaintiff, accepting an Offer of Judgment (for damage claims) would still be entitled to an award of taxable costs under section 57.041, Florida Statutes.
578 So.2d at 493. The majority opinion claims that "Williams was decided under a predecessor statute before offers of judgment and offers to settle were consolidated into section 768.79." Majority op. at n. 3. Actually, the Williams court was interpreting section 768.79, the offer of judgment statute, and comparing it to section 45.061, the offer of settlement statute. Recognizing that there was confusion regarding these two similar statutes, the Legislature in 1990 consolidated the two statutes into section 768.79, in essence eliminating section 45.061 except for those causes of action that accrued on or before October 1, 1990. See CS/HB 2670 (1990) Staff Analysis 7 (May 24, 1990). However, section 768.79 the offer of judgment statuteremained in effect, and therefore the reasoning of the Williams court with regard to offers of judgment is still applicable despite the changes that occurred in 1990.
[8] Another example of a court requiring an evenhanded comparison is Stephenson v. Holiday Rambler Corp., 709 So.2d 139 (Fla. 4th DCA 1998). In Stephenson, the defendant initially made an offer of judgment to pay the plaintiff $10,000 inclusive of attorney's fees. The parties later settled and a judgment was entered for $4,450, exclusive of fees. The parties agreed that both sides could still seek an award of attorney's fees under section 768.79. The $10,000 offer was made after more than a year of litigation, by which time plaintiff's counsel claimed to have incurred approximately 58 billable hours, which the plaintiff asserted would have resulted in his incurring a $16,500 fee. The trial court awarded fees to the defense, finding that the actual recovery of $4,450 was more than 25% less than the $10,000 offer. On appeal, the district court reversed and remanded, reasoning that where an offer is made inclusive of fees, the offeror has a burden to demonstrate that the 25% required disparity exists within the offer exclusive of a reasonable fee. On remand, the trial court was directed to calculate the plaintiff's reasonable attorney's fees up to the time of the offer, and then add this amount to the final judgment.
[9] The majority seems to adopt this requirement: "In determining both the amount of the offer and whether to accept the offer, the party necessarily must evaluate not only the amount of the potential jury verdict, but also any taxable costs, attorneys' fees, and prejudgment interest to which the party would be entitled if the judgment was entered at the time of the offer or demand." Majority op. at 550.