NESBITT, Senior Judge.
The Defendant appeals the denial of her motion to tax attorney’s fees, where Plaintiff had rejected Defendant’s proposed settlement offer. On the following analysis, we reverse.
Charles Johnson sued Maria C. Arraras for the recovery of money damages incurred as the result of an auto collision. On July 16, 1996, Arraras served Johnson with a proposal of settlement for $3,500, pursuant to section 768.79, Florida Statutes (1996). Arraras served Johnson with a second proposal for the same amount on June 6,1997.
The offers were rejected and the case proceeded to trial. A verdict was returned on February 15, 2000, finding that Johnson had suffered a total of $7,059 in damages. After setting off $10,000 in personal injury *340 protection (PIP) benefits obtained by Johnson, the court entered a final judgment providing: “that Plaintiff, Charles V. Johnson, take nothing by this action and that Defendant, Marica C. Arraras, go hence without day.” On March 8, 2000, Arraras filed a motion to tax costs and attorney’s fees pursuant to her settlement proposals. The trial court denied Arrar-as’s motion, and this appeal followed.
We agree with Arraras that the trial court erred in denying her motion for an award of attorney’s fees pursuant to section 768.79. That section provides in part:
In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney’s fees incurred by her or him or on the defendant’s behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney’s fees against the award. (Emphasis added.)
The statute speaks in terms of “judgment” and the case law construing the statute holds that for the purpose of measuring a damage recovery under the statute, courts are to look to the judgment entered rather than the verdict. See White v. Steak & Ale of Florida, Inc., 816 So.2d 546 (Fla.2002); TGI Friday’s, Inc. v. Dvorak, 663 So.2d 606 (Fla.1995); Perez v. Circuit City Stores, Inc., 721 So.2d 409 (Fla. 3d DCA 1998). As an example, as explained in White v. Steak & Ale, 816 So.2d at 546, if the plaintiff rejects an offer for $100,000, the judgment threshold is $75,000. Here in light of the $3,500 offer, the judgment threshold would be $2,625, plus Plaintiffs PIP benefits, or $12,265 in total. Absent other special circumstances as listed in the statute but inapplicable to the case at hand, the Plaintiff would have had to recover $12,265, in order to escape her responsibility for Defendant’s fees, in light of the rejected offer.
While it is hard to reconcile requiring the victorious Plaintiff to pay the Defendant’s attorney’s fees, section 768.79 is not written in terms of prevailing parties. The section is written in terms of what calculations are to be made in deciding who pays fees, and reflects a deliberate effort by the legislature to cut down on litigation by making the opposing party responsible for the fees incurred under certain circumstances. Considering the instant facts and appropriate calculations, Defendant Arraras was due her fees.
Accordingly the order under review is reversed and the case remanded.