# Third District Court of Appeal

## State of Florida

Opinion filed November 10, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-2196
Lower Tribunal No. 15-21797
_____

**Safepoint Insurance Company,**
Appellant,

vs.

**Jannie Williams,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Carlos Guzman, Judge.

Bickford & Chidnese, LLP, and Patrick M. Chidnese (Tampa); Bressler, Amery & Ross, P.C., Hope C. Zelinger and Samantha S. Epstein, for appellant.

Giasi Law, P.A., Melissa A. Giasi and Erin M. Berger (Tampa), for appellee.

Before FERNANDEZ, C.J., and GORDO and LOBREE, JJ.

GORDO, J.

Safepoint Insurance Company appeals from a final judgment entered in favor of Jannie Williams and the trial court's orders denying its motions for sanctions and for entitlement to attorney's fees. We have jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A). We write on the narrow issue of whether Safepoint made a valid offer of judgment and was entitled to recover attorney's fees and costs pursuant to section 768.79, Florida Statutes (2019). We conclude Safepoint issued a valid offer of judgment, reverse the trial court's order denying fees and remand for a determination of whether the judgment obtained was at least twenty-five percent less than the amount of the offer.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

Jannie Williams filed a claim with her insurance company, Safepoint, following an air conditioner leak that resulted in water damage to her home. Safepoint denied Ms. Williams's claim based on a policy exclusion and Ms. Williams sued for breach of contract seeking $20,449.55 in damages. Approximately three years after the suit was filed, Safepoint served Ms. Williams's counsel, the Strems Law Firm, with a proposal for settlement ("PFS") offering Ms. Williams $25,000 to settle her claims, including all

---

[1] We affirm the remaining issues on appeal finding no error.

litigation costs and prejudgment interest, and stipulating to her counsel's entitlement to fees. The PFS specifically provided:

> 2. This Proposal for Settlement attempts to resolve all claims and damages that would otherwise be awarded in a final judgment in favor of the Plaintiff, JANNIE WILLIAMS . . . . Specifically, the Proposal includes all claims that have been made or could be made against Defendant by JANNIE WILLIAMS . . . . Further the Proposal for Settlement includes all litigation costs and prejudgment interest that JANNIE WILLIAMS has incurred or may be entitled to claim as a result of this lawsuit. <u>This Proposal for Settlement specifically excludes Plaintiff's attorneys' fees claim, which is a part of Plaintiff's legal claim in this matter. In the event that this Proposal for Settlement is accepted, Defendant shall agree to entitlement of Plaintiff's outstanding attorney's fee claim which shall be determined by this Court.</u>
>
> . . . .
>
> 5. As a total amount of proposal, Defendant hereby offers the sum of TWENTY-FIVE THOUSAND DOLLARS AND ZERO CENTS ($25,000.00). If accepted, the settlement draft will be made payable to JANNIE WILLIAMS.
>
> . . . .
>
> 7. This proposal is specifically made under the terms of Florida Rule of Civil Procedure 1.442 and shall be subject to all the terms of that Rule . . . .

Ms. Williams rejected the settlement by failing to respond within thirty days.

The case proceeded to trial. Before trial began, the parties stipulated that if the jury returned a verdict in favor of Ms. Williams, her maximum

3

damages award would be $2,834.92. Ultimately, the jury returned a verdict in favor of Ms. Williams and the trial court entered judgment in the amount of $3,566.10, which included the jury's award of $2,843.92 plus prejudgment interest in the amount of $722.18.

Post-judgment, Safepoint filed a motion for entitlement to attorney's fees and costs pursuant to the offer of judgment statute, section 768.79. Safepoint argued it was entitled to an award of reasonable costs and attorney's fees because the judgment obtained by Ms. Williams was at least twenty-five percent less than the amount of the rejected $25,000 offer. The trial court denied the motion. This appeal followed.

## STANDARD OF REVIEW

"This Court reviews *de novo* a trial court's ruling on a motion to award attorney's fees and costs pursuant to the offer of judgment statute and rule." Key West Seaside, LLC v. Certified Lower Keys Plumbing, Inc., 208 So. 3d 718, 720 n.1 (Fla. 3d DCA 2015).

## LEGAL ANALYSIS

I.  *Is the PFS a valid offer of judgment under rule 1.442 and section 768.79, Florida Statutes?*

Florida's offer of judgment statute, section 768.79, provides that an offer must:

4

(a) Be in writing and state that it is being made pursuant to this section.

(b) Name the party making it and the party to whom it is being made.

(c) State with particularity the amount offered to settle a claim for punitive damages, if any.

(d) State its total amount.

The offer shall be construed as including all damages which may be awarded in a final judgment.

§ 768.79(2), Fla. Stat.

Florida Rule of Civil Procedure 1.442 governing Proposals for Settlement, which "supersedes all other provisions of the rules and statutes that may be inconsistent with this rule," provides that a proposal shall:

(A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;

(B) state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served, subject to subdivision (F);

(C) state with particularity any relevant conditions;

(D) state the total amount of the proposal and state with particularity all nonmonetary terms of the proposal;

(E) state with particularity the amount proposed to settle a claim for punitive damages, if any;

(F) state whether the proposal includes attorneys' fees and whether attorneys' fee are part of the legal claim; and

(G) include a certificate of service in the form required by rule 1.080.

Fla. R. Civ. P. 1442(c)(2).

The PFS here was in writing and adequately identified the parties. Pursuant to the plain terms of the PFS, Safepoint offered Ms. Williams $25,000 to settle all her claims and damages, including litigation costs and prejudgment interest. The PFS complied with the requirements of section 768.79(2)(d) and subdivisions (c)(2)(B) and (c)(2)(D) of the rule that it state the total amount of the proposal and include all damages that would be awarded in a final judgment. The PFS complied with subdivision (c)(2)(F) by stating that the $25,000 offer "specifically excludes Plaintiff's attorneys' fees claim, which is a part of Plaintiff's legal claim." The PFS then stated with particularity the relevant condition that "[i]n the event that this Proposal for Settlement is accepted, Defendant shall agree to entitlement of Plaintiff's outstanding attorney's fee claim which shall be determined by this Court," in compliance with subdivision (c)(2)(C).

We find that Safepoint's PFS was a valid offer of judgment as it complied with the form and contents prescribed by section 768.79 and rule 1.442. Next, we turn to the question of whether the offer remained valid

6

pursuant to the evolving formula set forth in Florida's jurisprudence, and whether Safepoint was entitled to attorney's fees based on the terms of the PFS.

 II. *Is the Proposal a valid offer of judgment pursuant to evolving Florida jurisprudence?*

Ms. Williams argues that Safepoint's PFS is invalid because it failed to include the exact amount of plaintiff's reasonable attorney's fees; thus, Safepoint cannot establish entitlement to fees under section 768.79(6). We find this position untenable and unsupported by the text of section 768.79, rule 1.442 or relevant case law.

The text of the offer of judgment statute provides:

> (6) Upon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal, the court shall determine the following:
>
> (a) If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served, and the court shall set off such costs in attorney's fees against the award. . . .
>
> . . . .

7

For purposes of the determination required by paragraph (a), the term "judgment obtained" means the amount of the net judgment entered, plus any postoffer collateral source payments received or due as of the date of the judgment, plus any postoffer settlement amounts by which the verdict was reduced. . . .

§ 768.79(6), Fla. Stat.

The Florida Supreme Court has explained that "the 'judgment obtained' is not limited to or equated solely with the amount of the judgment for damages." White v. Steak & Ale of Fla., Inc., 816 So. 2d 546, 550 (Fla. 2002). The Court established the White formula concluding that "the 'judgment obtained' pursuant to section 768.79 includes the net judgment for damages and any attorneys' fees and taxable costs that could have been included in a final judgment if such final judgment was entered on the date of the offer." Id. at 551; see Shands Teaching Hosp. & Clinics, Inc. v. Mercury Ins. Co. of Fla., 97 So. 3d 204, 214 (Fla. 2012) (reaffirming White and explaining "[w]e have interpreted the 'judgment obtained' under section 768.79 to include 'the total net judgment, which includes the plaintiff's taxable costs up to the date of the offer and, where applicable, the plaintiff's attorneys' fees up to the date of the offer"). In a recent decision, the Court clarified that the definition of "judgment obtained" in section 768.79(6) includes, in addition to damages, "pre-offer attorneys' fees, pre-offer costs,

8

and pre-offer prejudgment interest." CCM Condo. Ass'n, Inc. v. Petri Positive Pest Control, Inc., No. SC19-861, 2021 WL 4096926, at *4 (Fla. Sept. 9, 2021).

"[I]f a defendant properly serves an offer on a plaintiff who rejects the offer, then an amount 25% less than the offered amount constitutes the judgment threshold." White, 816 So. 2d at 549. This formula requires the trial court to calculate the amount of the judgment obtained by the plaintiff—including damages, pre-offer attorneys' fees, pre-offer costs, and pre-offer prejudgment interest—and compare it with the judgment threshold to determine entitlement to attorneys' fees.

Neither section 768.79, rule 1.442, nor the White formula specifically require that the amount of attorneys' fees and costs be quantified and included at the time the PFS is served in order to create a valid offer. The plain language of rule 1.442 permits, but does not require, that a PFS include attorneys' fees.[2] The expansive case law establishes that the amount of plaintiff's pre-offer attorneys' fees must be included for purposes of comparing the judgment obtained to the judgment threshold to determine a

---

[2] Our conclusion is supported by the 2013 amendment to subdivision (c)(2)(B), which "clarif[ied] that a proposal for settlement must resolve all claims between the proponent and the party to whom the proposal is made except claims for attorneys' fees, which may or may not be resolved in the proposal." Fla. R. Civ. P. 1.442 (Committee Notes, 2013 Amendment).

defendant's entitlement to fees. But no Florida court has held that the plaintiff's reasonable pre-offer attorneys' fees must be quantified and included in the total amount of the proposal in order to create a valid offer of judgment.

Here, we find that Safepoint's PFS was a valid offer, and in fact, provided a more crystalized offer to the plaintiff as it apprised Ms. Williams that she would recover $25,000 minus litigation costs, and that her attorney's fees would be paid separately and in addition to the $25,000 offer. Because the offer was valid and enforceable, the trial court was tasked with determining whether the judgment obtained by the plaintiff—in the amount of $3,566.10 plus plaintiff's reasonable pre-offer attorney's fees to be determined by the trial court—was less than the judgment threshold for entitlement to attorney's fees. The court denied Safepoint's motion for fees without first determining the plaintiff's reasonable pre-offer attorney's fees to be incorporated in the judgment obtained and in the stipulation of the offer of judgment. As such, we reverse the denial of Safepoint's fee motion.

## CONCLUSION

We find that Safepoint made a valid offer of judgment. We, therefore, reverse the trial court's order denying entitlement to fees and remand for

10

plaintiff's pre-offer attorney's fees to be factored into the comparison between Safepoint's offer of judgment and the judgment obtained.

Affirmed in part, reversed in part and remanded.