# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-1050
Lower Tribunal No. 19-CA-001630

_____

SFR SERVICES, LLC a/a/o JOHN & ROSE ZAPISEK,

Appellant,

v.

FLORIDA DEPARTMENT OF FINANCIAL SERVICES o/b/o AVATAR PROPERTY AND
CASUALTY INSURANCE COMPANY,

Appellee.

_____

Appeal from the Circuit Court for Lee County.
Leigh Frizzell Hayes, Judge.

May 16, 2025

NETCHER, E.J., Associate Judge.

In civil actions for damages, the offer of judgment statute establishes a fee-shifting regime designed to encourage settlements.[1] When a plaintiff rejects an offer of judgment, a defendant may recover its post-offer attorney's fees and costs when "the judgment obtained by the plaintiff is at least 25 percent less than the amount of

---

[1] This case was transferred from the Second District Court of Appeal to this Court on January 1, 2023.

the offer." § 768.79(7)(a), Fla. Stat. (2024).[2] This appeal concerns the meaning of "judgment obtained." The statute defines it as "the net judgment entered." *Id*. § 768.79(7). The Florida Supreme Court has construed the phrase to mean "the net judgment for damages and any attorneys' fees and taxable costs that could have been included in a final judgment if such final judgment was entered on the date of the offer." *White v. Steak & Ale of Fla., Inc.*, 816 So. 2d 546, 551 (Fla. 2002). Because the trial court did not apply the Florida Supreme Court's binding construction of "judgment obtained," we reverse.

## I.

This case arises from a homeowners' insurance claim following Hurricane Irma. Appellant SFR Services, LLC performed repairs for the homeowners in exchange for an assignment of insurance benefits. SFR filed suit against the insurance company, seeking payment of its invoices. SFR sought recovery of "damages, together with interest, costs and attorney's fees" under section 627.428, Florida Statutes.

The insurance company served a proposal for settlement to SFR for $15,000, which included the language "exclusive of all taxable costs and attorneys' fees." SFR did not accept the proposal. The action proceeded to trial. The jury found in

---

[2] This case was decided below under the prior version of section 768.79. In the prior version, subsection (7) was numbered as subsection (6). However, the text of this provision was identical.

2

favor of SFR, concluding that the insurance company owed $20,000 in damages. The trial court subsequently reduced the damages amount to $9,000 to account for a $6,000 hurricane deductible and a judgment in accordance with a prior directed verdict motion regarding $5,000 of interior damages. No party challenges the $9,000 damages amount.

After resolution of the remittitur motions, both parties filed competing motions for attorney's fees and costs. SFR sought fees and costs under section 627.428, Florida Statutes (2020).[3] The insurance company sought fees and costs under section 768.79(1) based on the rejected $15,000 proposal for settlement. The insurance company argued that the damages amount ($9,000) plus SFR's pre-offer interest ($1,364.93) was 25% less than the $15,000 offer. Relying on *White*, SFR argued that its pre-offer attorney's fees and costs had to be included to derive the correct "judgment obtained." Doing so, SFR observed, would place the "judgment obtained" above the $11,250 threshold.

After a hearing on the issue of entitlement, the trial court sided with the insurance company. That is, the trial court concluded that "[t]he judgment obtained by [SFR], exclusive of taxable costs and attorneys' fees, is $9,000.00." And because this amount was over 25% less than the $15,000 offer, the trial court determined that

---

[3] The Florida Legislature has since repealed this statute. Ch. 2023-15, § 11, Laws of Fla. (eff. Mar. 24, 2023).

the insurance company was entitled to recover its attorney's fees and costs incurred from the date of the proposal for settlement.

After an evidentiary hearing to determine the amount of the insurance company's fees and costs, the trial court issued a final judgment, awarding the insurance company $60,936.50 in fees, $38,599.07 in costs, and $4,800 for expert costs. This total amount was offset by the $9,000 damages amount, resulting in a total award to the insurance company of $95,335.57.

This appeal followed. We agree with SFR that the trial court erred by not applying the Florida Supreme Court's *White* decision in calculating the "judgment obtained."[4]

## II.

When a defendant serves a legally sufficient offer of judgment that "is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25

---

[4] We dismiss the appeal as it relates to SFR's contention that the trial court erred in denying its fee entitlement motion. The insurance company is now insolvent, and the Florida Department of Financial Services has placed it into receivership. SFR's counsel represented that the Florida Insurance Guaranty Association ("FIGA") has been substituted for the insurance company below. On remand, we anticipate that a judgment in favor of SFR will be entered. If there is a basis for SFR to seek attorney's fees or costs against FIGA, it may do so. That said, at oral argument, SFR conceded it was unaware of any basis for it to recover attorney's fees against FIGA. Indeed, the attorney's fees provisions of section 627.428 are not "applicable to any claim presented to [FIGA]," with a limited exception. § 631.70, Fla. Stat. We leave this issue to the trial court. Additionally, SFR's dispute concerning individual costs awarded to the insurance company is mooted by our reversal.

percent less than the amount of the offer, the defendant" is entitled to reasonable attorney's fees and costs "incurred from the date the offer was served." § 768.79(7)(a), Fla. Stat. In the context of offers from defendants, "the term 'judgment obtained' means the amount of the net judgment entered, plus any postoffer collateral source payments received or due as of the date of the judgment, plus any postoffer settlement amounts by which the verdict was reduced." *Id*. § 768.79(7).

In *White*, the Florida Supreme Court held "that the 'judgment obtained' . . . includes the net judgment for damages and any attorneys' fees and taxable costs that could have been included in a final judgment if such final judgment was entered on the date of the offer." 816 So. 2d at 551. The judgment calculation that includes pre-offer attorney's fees and costs as of the date of the offer has become known as the *White* formula. Application of the formula does not turn on whether the offer includes attorney's fees or costs. *Id.* at 552 (Harding, J., concurring in part and dissenting in part) ("In the present case, Steak and Ale's offer did not include costs.").

The Legislature has not seen fit to clarify its intent since *White*. And the Florida Supreme Court, recently presented with the opportunity to recede from the *White* formula, declined to do so. *CCM Condo. Ass'n v. Petri Positive Pest Control, Inc.*, 330 So. 3d 1 (Fla. 2021). The *CCM* court could not "conclude that [its] prior

interpretation of section 768.79 is clearly erroneous." *Id.* at 6. As a result, the court "decline[d] to recede from the formula [it] set forth in *White*." *Id.* We remain bound by *White*.

Thus, the trial court erred in failing to apply *White*'s formulation of the "judgment obtained." The trial court determined that the net damages amount ($9,000) was the "judgment obtained" threshold without including any pre-offer costs or attorney's fees incurred by SFR. Per *White*, pre-offer costs and attorney's fees (when part of the claim) must be included to derive the threshold "judgment obtained."

The parties do not dispute that the inclusion of SFR's pre-offer costs alone puts the "judgment obtained" over the $11,250 threshold amount. As of the date of the offer, SFR had incurred $2,384.90 in costs. Adding this amount to the $9,000 damages amount, as *White* requires, "the judgment obtained" was not "at least 25 percent less than the amount of the [$15,000] offer." § 768.79(7)(a), Fla. Stat. Thus, the insurance company was not entitled to attorney's fees and costs under the offer of judgment statute.

## III.

In sum, the trial court erred by not applying the Florida Supreme Court's binding construction of "judgment obtained" in the offer of judgment statute. Applying *White*, the insurance company was not entitled to an award of attorney's

6

fees and costs under the offer of judgment statute. The final judgment in favor of the insurance company is reversed. We remand to the trial court for proceedings consistent with this opinion.

REVERSED in part; DISMISSED in part; and REMANDED.

TRAVER, C.J., and SMITH, J., concur.
NETCHER, E.J., Associate Judge, concurs specially, with opinion.

_____

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED
_____


NETCHER, E.J., Associate Judge, concurring specially.

I write separately to explain my view that the *White* formula is inconsistent with the text of the offer of judgment statute. In my view, "the net judgment entered" refers to the amount of an actual judgment that awards damages for the claim adjudicated.

When interpreting a statute, we follow the supremacy-of-the-text principle. *Ham v. Portfolio Recovery Assocs., LLC*, 308 So. 3d 942, 946 (Fla. 2020). That is, "[t]he words of a governing text are of paramount concern, and what they convey, in their context, is what the text means." *Id.* (quoting Antonin Scalia & Bryan Garner, *Reading Law: The Interpretation of Legal Texts* 56 (2012)).

7

The governing text here is the offer of judgment statute—section 768.79. It provides that when a defendant serves an offer of judgment that "is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant" is entitled to reasonable attorney's fees and costs "incurred from the date the offer was served." § 768.79(7)(a), Fla. Stat. The statute defines "judgment obtained." *Id*. § 768.79(7). In the context of offers from defendants, "the term 'judgment obtained' means the amount of the net judgment entered, plus any postoffer collateral source payments received or due as of the date of the judgment, plus any postoffer settlement amounts by which the verdict was reduced." *Id.*

The statutory text and context point to the conclusion that the "net judgment entered" refers to the amount of an actual judgment that awards damages for the claim adjudicated. There are two components of this conclusion: 1) "the net judgment entered" refers to an actual, entered judgment; and 2) "the net judgment entered" is the judgment awarding damages and not a separate judgment that awards attorney's fees and costs incidental to the main claim. If writing on a clean slate, the text and the context of the statute would lead me to this result for multiple reasons.

First, the statute uses the past tense "judgment *obtained*." In defining "judgment obtained," the statute doubles down on the past tense by using "judgment

8

*entered*." The past tense signals a reference to a discreet judgment that the court has, in fact, entered.

Second, the statute's use of the definitive article "the" throughout indicates reference to a specific judgment. The statute identifies "*the* judgment," "*the* judgment obtained," and "*the* net judgment." § 768.79(1), (7), Fla Stat. (emphasis added). The use of the definitive article "'the' limits that to which it refers to only one, to the exclusion of all others." *Golf Scoring Sys. Unlimited, Inc. v. Remedio*, 877 So. 2d 827, 829 (Fla. 4th DCA 2004). It would seem, then, that "the judgment entered" refers to a specific judgment and not a hypothetical judgment comprised of multiple potential judgments.

Third, the statute's focus is on "damages." It applies to "any civil action for damages." § 768.79(1), Fla. Stat. After detailing the specifics that an offer must contain, the statute provides that "[t]he offer shall be construed as including all *damages* which may be awarded in a final judgment." § 768.79(2), Fla. Stat. (emphasis added). "Attorney's fees and costs are not damages." *CCM Condo. Ass'n v. Petri Positive Pest Control, Inc.*, 330 So. 3d 1, 6 (Fla. 2021). It has long been recognized that "[c]osts properly incurred are an incident to the judicial proceeding, and are no part of the damages claimed or demand or penalty being adjudicate[d]." *Louisville & N.R. Co. v. Sutton*, 44 So. 946, 948 (Fla. 1907).

Fourth, and relatedly, attorney's fees and costs are generally addressed after entry of the damages judgment. Florida Rule of Civil Procedure 1.525 provides that motions for attorney's fees and costs must be filed "no later than 30 days after filing of the judgment." This same 30-day deadline is included in the offer of judgment statute. Attorney's fees and costs under the statute may be awarded "[u]pon motion made by the offeror within 30 days after the entry of judgment." § 768.79(7), Fla. Stat. Again, the statute references the entry of an actual judgment. And the context points to the damages judgment. Post-judgment fees and costs motions involve "collateral and independent" claims. *Finkelstein v. N. Broward Hosp. Dist.*, 484 So. 2d 1241, 1243 (Fla. 1986) (holding that "a post-judgment motion for attorney's fees raises a 'collateral and independent claim' which the trial court has continuing jurisdiction to entertain . . . .").

Lastly, the Legislature knows how to include pre-offer attorney's fees and costs when defining a judgment. In the statute applying to offers of settlement for claims that accrued before 1990, "the amount of the judgment" is defined as "the total amount of money damages awarded plus the amount of costs and expenses reasonably incurred by the plaintiff or counter-plaintiff prior to the making of the offer." § 45.061(2)(b), Fla. Stat. Such precise language is absent from section 768.79. The absence of such language, in conjunction with the other textual clues,

10

suggests a meaning of "the net judgment entered" that does not include pre-offer attorney's fees and costs.

That said, the Florida Supreme Court has not seen it this way. In *White*, the court held "that the 'judgment obtained' . . . includes the net judgment for damages and any attorneys' fees and taxable costs that could have been included in a final judgment if such final judgment was entered on the date of the offer." *White v. Steak & Ale of Fla., Inc.*, 816 So. 2d 546, 551 (Fla. 2002). The *White* court rejected the holding of *Williams v. Brochu*, 578 So. 2d 491 (Fla. 5th DCA 1991). There, the Fifth DCA reached a result consistent with the conclusion I see as the best reading of the statute. That is, the court held "that the statutory term 'judgment obtained' means the amount of the judgment for damages awarded by the jury . . . and does not include taxable costs or attorney's fees . . . which are taxable by the court incidental to the jury's consideration of an award for damages." *Id.* at 493; *see also Mincin v. Short*, 662 So. 2d 1323, 1325 (Fla. 2d DCA 1995) (abrogated by *White*).

Oddly, the *White* court relied on a case that construed a different statute with distinct statutory text. Namely, the court relied on *Danis Industries Corp. v. Ground Improvement Techniques, Inc.*, which concerned section 627.428. Applying the logic of *Danis*, the *White* court explained that "any offer of settlement shall be construed to include all damages, attorney fees, taxable costs, and prejudgment interest which would be included in a final judgment if the final judgment was

11

entered on the date of the offer of settlement." *White*, 816 So. 2d at 551 (quoting *Danis Indus. Corp. v. Ground Improvement Techs., Inc.*, 645 So. 2d 420, 421-22 (Fla. 1994)). This construction was smuggled into section 768.79, without regard to an explicit statutory directive in section 768.79. Specifically, section 768.79(2) directs that "[t]he offer shall be construed as including all damages which may be awarded in a final judgment," full stop. This provision is uncited in the *White* opinion.

In part, "common sense, fairness, and the purpose of the offer-of-judgment statute" led the *White* court to its conclusion. *White*, 816 So. 2d at 550. But fairness concerns cut in both directions. Take, for example, the facts of this case. The insurance company served an offer of judgment for $15,000 that expressly excluded attorney's fees and costs. The offer was "made in an attempt to resolve all claims (excluding claims for attorneys' fees and costs) . . . ." Had SFR accepted the offer, it likely still could have sought attorney's fees under section 627.428 (now repealed). In that context, SFR would recover the $15,000 offer amount plus any fees or costs it may be entitled to as a prevailing party under section 627.428. In rejecting the offer, however, SFR is able to roll the trial dice and then later include pre-offer attorney's fees and costs in the hypothetical "judgment obtained" to compare with the insurance company's offer that expressly excluded such fees and costs. All the while, the insurance company is out six figures in fees and costs that it cannot

12

recover despite offering $6,000 more in damages than SFR ultimately was entitled to recover. If one of the primary purposes of the offer of judgment statute is to encourage settlements, it is not clear how the application of the *White* formula here supports "the purpose of the offer-of-judgment statute." *White*, 816 So. 2d at 550.

In any event, we generally leave "common sense, fairness, and the purpose of" statutes to the Legislature. These considerations cannot overcome the plain and ordinary meaning of the text. Rather, these considerations are reflected in the text. Whether fair or commonsensical, the text of the offer of judgment statute does not lend itself to *White*'s construction of "judgment obtained."

My concerns notwithstanding, the *White* formula remains good law. And we are in no position to undo the formula here. As recently as 2021, the Florida Supreme Court stood by *White*. *See CCM.*, 330 So. 3d 1. While *CCM* was no ringing endorsement of *White*, the court could not conclude that *White*'s interpretation of section 768.79 was clearly erroneous. *Id.* at 6. Justice Canady, joined by Justice Lawson, dissented. For them, there was "no path from the statutory language of section 768.79—'net judgment entered'—to the meaning adopted by the majority— a hypothetical judgment equivalent to 'what would be included in judgments if the judgments were entered on the date of the settlement offers.'" *Id.* at 7-8 (Canady, J., dissenting). I, for one, am inclined to see things Justice Canady's way. But we remain bound by *White*. So too was the trial court below.

Though consistent with the best reading of the offer of judgment statute, the trial court's award of attorney's fees and costs to the insurance company was not consistent with the Florida Supreme Court's reading in *White*. With doubt that *White* represents the best reading of the offer of judgment statute, I concur.

_____

Melissa A. Giasi and Albert A. Zakarian, of Giasi Law, P.A., Tampa, for Appellant.

Andrew A. Labbe, of Groelle & Salmon, P.A., Tampa, for Appellee.