585 So.2d 1038 (1991)
Mack K. PHILLIPS, Appellant,
v.
Edwin PARRISH, Appellee.
No. 90-2989.
District Court of Appeal of Florida, First District.
August 27, 1991.
Rehearing Denied October 1, 1991.
*1039 David H. Burns and Pamela K. Frazier of Huey, Guilday, Kuersteiner & Tucker, P.A., Tallahassee, for appellant.
Daniel S. Dearing, Tallahassee for appellee.
WOLF, Judge.
Phillips, the defendant at trial, appeals the final judgment entered upon a jury verdict, finding Phillips 80 percent negligent in an automobile accident. Phillips raises three points on appeal. The first two issues relate to whether he is entitled to recover costs and attorney's fees which occurred since the date that he filed an offer of judgment pursuant to section 768.79, Florida Statutes (1987).[1] The third issue is whether the trial court erred in awarding prejudgment interest as part of the verdict. We affirm as to the third issue, and in light of our ruling as to that issue, it is unnecessary to address the other issues on appeal.
On September 12, 1989, Phillips and his codefendant, Superior Insurance Company, served an amended offer of judgment pursuant to section 768.79, Florida Statutes. Appellee did not respond to the offer and, therefore, it was considered rejected. On August 10, 1990, the jury returned a verdict finding that the damages suffered by the appellee amounted to $3,150. This amount reflected a reasonable rental value of the subject vehicle during the time that Parrish's vehicle was being repaired. Appellee, Parrish, was found to be 20 percent at fault, so the jury verdict was reduced to $2,520. Final judgment in the matter was entered on September 6, 1990. The judgment awarded appellee $2,520 plus prejudgment interest as of May 29, 1987, in the amount of $967.79.
In Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985), the Florida Supreme Court held that prejudgment interest is awardable in property damage cases. See also Herrero v. Pearce, 571 So.2d 96 (Fla. 1st DCA 1990). Prejudgment interest is merely another element of pecuniary damages. Argonaut, supra. Once a verdict has liquidated the damage as of a certain date, the awarding of prejudgment interest is merely a mathematical calculation which can be done by the trial judge. Herrero, supra at 97. In the instant case, damages were fixed as of a certain date, and the trial judge was correct to award prejudgment interest.
Since prejudgment interest is merely another element of damages, it is properly included in determining whether a judgment is so deficient as to activate the provisions of section 768.79, Florida Statutes. If this amount is utilized, the judgment in the instant case was not more than 25 percent less than the offer of $4,546.52 *1040 and, thus, attorney's fees and costs are not awardable pursuant to that statute.
Affirmed.
WIGGINTON, J., and WENTWORTH, Senior Judge, concur.
NOTES
[1] Neither party raised the constitutionality of § 768.79, Fla. Stat. (1989), in the instant case, and in light of our holding herein, it is unnecessary for us to discuss that issue.