889 So.2d 825 (2004)
The ESTATE OF Patrick J. CANAVAN, by and through Dorothy Canavan, Person Representative, Appellant/Cross-Appellee,
v.
NATIONAL HEALTHCARE CORP. (Delaware); National Health Corp.; Southern Hospitality Developers, Inc.; Roger Friedbauer, individually; and 1620 Health Partners, L.C. (as to NHC Healthcare St. Petersburg), Appellees/Cross-Appellants.
No. 2D02-2438.
District Court of Appeal of Florida, Second District.
July 23, 2004.
Rehearing Denied November 10, 2004.
Stuart C. Markman, Robert W. Ritsch, and Katherine Earle Yanes of Kynes, *826 Markman & Felman, P.A., Tampa, counsel for Appellant/Cross-Appellee.
Scott A. Mager and Elaine J. LaFlamme of Mager Shafer, Ft. Lauderdale, for Appellees/Cross-Appellants.
FULMER, Judge.
The Estate of Patrick J. Canavan brought this action against Defendants Roger Friedbauer; 1620 Health Partners, L.C.; Southern Hospitality Developers, Inc.; National Healthcare Corporation; and National Health Corporation for damages Canavan suffered while residing in a nursing home known as NHC Healthcare St. Petersburg. During the jury trial, at the end of the Estate's case, the trial court granted a directed verdict in favor of Roger Friedbauer. The jury found the remaining Defendants liable for negligence and for depriving Canavan of his nursing home rights. The Estate was awarded actual damages of $500,000 and punitive damages of $250,000. On appeal, the Estate challenges the directed verdict in favor of Friedbauer and the trial court's exclusion of evidence during the punitive damages phase of the trial. We agree that both of these issues have merit, and therefore, we reverse and remand for a new trial against Friedbauer and for a redetermination of the amount of punitive damages to be awarded against two of the Defendants. We reject the arguments made by the Defendants in the cross-appeal because the issues either were not properly preserved for review or have no merit.
The evidence showed that in January 1999, Friedbauer used a limited liability company, 1620 Health Partners, L.C., to purchase NHC Healthcare St. Petersburg. The manager of 1620 Health Partners was a corporation, Southern Hospitality Developers, Inc. The only principals or shareholders of 1620 Health Partners and Southern Hospitality were Friedbauer and his wife. Southern Hospitality had no full-time employees. In granting a direct verdict in favor of Friedbauer, the trial court accepted the argument that there was no basis upon which Friedbauer could be held personally liable as a managing member of 1620 Health Partners or as an officer of Southern Hospitality. The court suggested that liability could not be imposed on Friedbauer without piercing the corporate veil.
The Estate argues that the concept of piercing the corporate veil does not apply in the case of a tort, and that it presented sufficient evidence of Friedbauer's negligence, by act or omission, for the jury to reasonably conclude that Friedbauer caused harm to Canavan. It argues that Friedbauer had the responsibility of approving the budget for the nursing home. He also functioned as the sole member of the "governing body" of the nursing home, and pursuant to federal regulation, 42 C.F.R. § 483.75(d) (2002), the governing body is legally responsible for establishing and implementing policies regarding the management and operation of the facility and for appointing the administrator who is responsible for the management of the facility. Friedbauer was thus required by federal mandate to create, approve, and implement the facility's policies and procedures. Because he ignored complaints of inadequate staffing while cutting the operating expenses, and because the problems Canavan suffered, pressure sores, infections, poor hygiene, malnutrition and dehydration, were the direct result of understaffing, the Estate argues that a reasonable jury could have found that Friedbauer's elevation of profit over patient care was negligent.
We review the granting of a directed verdict by viewing the evidence and all inferences of fact in the light most favorable *827 to the nonmoving party, and we can affirm a directed verdict only where no proper view of the evidence could sustain a verdict in favor of the nonmoving party. Owens v. Publix Supermarkets, Inc., 802 So.2d 315, 329 (Fla.2001). We conclude that the trial court erred in granting the directed verdict because there was evidence by which the jury could have found that Freidbauer's negligence in ignoring the documented problems at the facility contributed to the harm suffered by Canavan. This was not a case in which the plaintiffs were required to pierce the corporate veil in order to establish individual liability because Friedbauer's alleged negligence constituted tortious conduct, which is not shielded from individual liability. See Fla. Specialty, Inc. v. H 2 Ology, Inc., 742 So.2d 523, 527 (Fla. 1st DCA 1999) (stating that officers of a corporation may be held liable for their own torts even if such acts are performed as corporate officers); McElveen v. Peeler, 544 So.2d 270 (Fla. 1st DCA 1989); Orlovsky v. Solid Surf, Inc., 405 So.2d 1363, 1364 (Fla. 4th DCA 1981). We, therefore, reverse the order granting the directed verdict and remand for a new trial against Friedbauer.
The Estate next challenges the trial court's ruling that excluded evidence during the phase of the trial in which the jury was asked to determine the amount of punitive damages. The Estate proffered evidence of a prior verdict entered in March 1999 that awarded punitive damages to another nursing home patient, Marion Heide, who sued National Healthcare Corporation and National Health Corporation for damages suffered in a nearby nursing home that was operated and managed by these Defendants. In excluding evidence of the Heide verdict, the trial court stated that the probative value was outweighed by the danger of unfair prejudice or confusion in the jury's mind.
The trial court abused its discretion in making this ruling. In determining the amount of punitive damages, a jury is properly instructed to consider the existence of other civil awards against the defendants for the same conduct. Owens-Corning Fiberglas Corp. v. Ballard, 749 So.2d 483, 485, 487 (Fla.1999). There was no evidence proffered here to suggest that the Heide verdict was especially confusing such that exclusion was justified; therefore, the trial court's reasoning in excluding the evidence was flawed. We conclude that as to Defendants National Healthcare Corporation and National Health Corporation, the Estate is entitled to a new trial on the amount of punitive damages only.
Reversed and remanded for further proceedings consistent with this opinion.
SALCINES, J., and DANAHY, PAUL W., Senior Judge, Concur.