DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PETRI POSITIVE PEST CONTROL, INC.,** a Florida corporation,
Appellant,

v.

**CCM CONDOMINIUM ASSOCIATION, INC.,** a Florida non-profit
corporation, d/b/a **COUNTRY CLUB MANOR CONDOMINIUM
ASSOCIATION,**
Appellee.

No. 4D18-1290

[May 1, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit,
Broward County; Marina Garcia-Wood, Judge; L.T. Case No. CACE13-
27168(18).

Thomas L. Hunker of Cole, Scott & Kissane, P.A., Plantation, for
appellant.

Steven J. Hammer and Zane Berg of Schlesinger Law Offices, P.A., Fort
Lauderdale, Celene H. Humphries and Maegen P. Luka of Brannock &
Humphries, Tampa, and Thomas P. Angelo of Angelo & Banta, P.A., Fort
Lauderdale, for appellee.

WARNER, J.

We are asked to decide whether it was error for the trial court to include
post-offer prejudgment interest in calculating the statutory threshold
amount to trigger an award of attorney's fees pursuant to the offer of
judgment statute, section 768.79, Florida Statutes (2014). The
prejudgment interest was part of the judgment entered for the plaintiff,
and the amount of the judgment exceeded, by 25%, the offer made by the
plaintiff to settle the case, entitling it to attorney's fees. The appellant,
defendant below, contends that the supreme court has already decided
this issue in its favor, and post-offer interest must be excluded in
calculating the amount recovered by the plaintiff. Language in supreme
court opinions does suggest that result, although the court has never
squarely addressed this issue. Were we writing on a clean slate, we would
interpret the statute as written and include post-offer prejudgment

interest. But as the supreme court opinions appear to exclude post-offer prejudgment interest in the judgment obtained, we are bound to follow the supreme court. Therefore, we reverse, but certify conflict with a district court of appeal opinion and also certify a question of great public importance.

In 2013, the appellee/plaintiff, CCM Condominium Association, Inc., sued the appellant/defendant, Petri Positive Pest Control, Inc., for negligence and breach of contract regarding the parties' contract for Petri to address a termite problem at CCM's property. Petri answered, denying the allegations. CCM served an amended offer of judgment in 2014, pursuant to section 768.79, Florida Statutes. It offered to settle all of CCM's claims for damages, including punitive damages, attorney's fees, costs, and interest, for $500,000. Petri rejected the offer.

Following a trial in 2016, the jury found in favor of CCM on its breach of contract claim, and it awarded CCM $551,881 in damages. CCM submitted a proposed final judgment, requesting $551,881 in damages, and an additional $84,295.60 in prejudgment interest calculated by an accountant, with a per diem rate for each day. This amount included both pre-offer of settlement and post-offer of settlement interest. The court entered judgment based on those calculations for a total of $636,326.90. CCM then moved to tax costs, which the court granted in the amount of $73,579.21.

CCM moved for attorney's fees pursuant to section 768.79, Florida Statutes, the offer of judgment statute, contending that its judgment of $636,326.90, inclusive of interest, exceeded the offer by more than 25%. Thus, CCM was entitled to an award of attorney's fees incurred. Petri objected, contending that in accordance with *White v. Steak & Ale of Florida, Inc.*, 816 So. 2d 546 (Fla. 2002), the amount of the plaintiff's total recovery included only its attorney's fees, costs, and prejudgment interest accrued up to the date of the offer of judgment. Without the post-offer prejudgment interest and costs, CCM had not met the threshold amount of $625,000.

The court granted CCM's motion for attorney's fees. It concluded that *White* addressed only pre-offer costs in relation to a plaintiff's "judgment obtained," not prejudgment interest. Relying on *Perez v. Circuit City Stores, Inc.*, 721 So. 2d 409 (Fla. 3d DCA 1998), the court ruled that prejudgment interest is included in the "judgment obtained" for  section 768.79 purposes. The court held a hearing to determine the amount of attorney's fees, and the parties ultimately agreed on the amount, leaving the issue of entitlement for this appeal.

2

Two principles of review apply to this case. On the one hand, we review de novo issues of statutory interpretation. *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 367 (Fla. 2013). Appellate courts first analyze the plain meaning of the language of a statute, finding the legislative intent from the statute's actual text. *Id.* If the statute's language is clear, the court need not resort to the rules of statutory interpretation or construction. *Id.* On the other hand, it a longstanding principle of law that the district courts of appeal must follow the opinions of the supreme court. *State v. Hayes*, 333 So. 2d 51, 53 (Fla. 4th DCA 1976), *cited with approval in Pardo v. State*, 596 So. 2d 665, 666 (Fla. 1992). In this case, these two principles of appellate review collide.

Section 768.79, Florida Statutes (2014), governs offers of judgment and provides:

(1) In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer, and the court shall set off such costs and attorney's fees against the award. Where such costs and attorney's fees total more than the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the plaintiff's award. **If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand**. If rejected, neither an offer nor demand is admissible in subsequent litigation, except for pursuing the penalties of this section.

    . . . .

(6) Upon motion made by the offeror within 30 days after the entry of judgment or after voluntary or involuntary dismissal, the court shall determine the following:

(a) If a defendant serves an offer which is not accepted by the plaintiff, and if the judgment obtained by the plaintiff is at least 25 percent less than the amount of the offer, the defendant shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served, and the court shall set off such costs in attorney's fees against the award. When such costs and attorney's fees total more than the amount of the judgment, the court shall enter judgment for the defendant against the plaintiff for the amount of the costs and fees, less the amount of the award to the plaintiff.

(b) If a plaintiff serves an offer which is not accepted by the defendant, and if the judgment obtained by the plaintiff is at least 25 percent more than the amount of the offer, the plaintiff shall be awarded reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines promulgated by the Supreme Court, incurred from the date the offer was served.

For purposes of the determination required by paragraph (a), the term "judgment obtained" means the amount of the net judgment entered, plus any postoffer collateral source payments received or due as of the date of the judgment, plus any postoffer settlement amounts by which the verdict was reduced. **For purposes of the determination required by paragraph (b), the term "judgment obtained" means the amount of the net judgment entered**, plus any postoffer settlement amounts by which the verdict was reduced.

(emphasis added). The statute requires the plaintiff to "recover[] a judgment" exceeding a threshold amount, and the "judgment entered" is the amount from which to calculate whether a plaintiff or defendant has met the respective threshold for an award of attorney's fees. The "judgment *entered*" is easily understood—the final judgment entered in the case by the court, its plain meaning. The statute does not refer to the amount of the offer except to state that the judgment "recovered" must be more (or less) than the offer by a certain percentage. It is easy to calculate. Included in that judgment are all of the elements of damages recovered in a case. This includes prejudgment interest where applicable. "[S]ince at

4

least before the turn of the century, Florida has adopted the position that prejudgment interest is merely another element of pecuniary damages." *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 214 (Fla. 1985) (footnote omitted); *Phillips v. Parrish*, 585 So. 2d 1038, 1039 (Fla. 1st DCA 1991) (approving the inclusion of prejudgment interest to the date of the final judgment in determining whether the threshold amount of section 768.79, Florida Statutes, was met). In this case, the amount of the judgment *entered* was $636,326.90, inclusive of prejudgment interest to the date of judgment, none of which was contested or appealed. That amount was more than 25% greater than CCM's offer of judgment. Based upon the plain meaning of the statute, CCM was entitled to its award of attorney's fees.

Petri, however, contends that for purposes of determining whether CCM met the threshold, the post-offer prejudgment interest should not be considered, even though it is part of the "judgment entered." There is nothing in the statute about deductions from the "judgment entered," except for "postoffer settlement amounts by which the verdict was reduced." § 768.79(6)(b), Fla. Stat. Post-offer prejudgment interest does not meet that definition. Instead, Petri argues that the supreme court has created its own formula for calculating whether a plaintiff or defendant has met the threshold, something which is not contained in the text of the statute. A review of the supreme court case law shows that the court does appear to have gone beyond the statutory language to create a different threshold for attorney's fee awards under the statute.

In *White v. Steak & Ale of Florida, Inc.*, 816 So. 2d 546, 548 (Fla. 2002), the court considered "whether, under the offer of judgment statute, section 768.79, Florida Statutes (1993), pre-offer taxable costs are included in calculating the 'judgment obtained' for the purpose of determining whether the party making the offer is entitled to attorneys' fees under section 768.79." During the case, a personal injury suit,[1] the defendant, Steak and Ale, made an offer of judgment of $15,000, which was rejected. *Id.* At trial, the jury awarded the plaintiff $8,025, for which judgment was entered. *Id.* White also obtained a judgment for his pre-offer costs of $4,243. *Id.* The combined total of the two judgments of $12,268 was more than 75% of the offer of $15,000 (with a 25%-of-offer threshold of $11,250). *Id.* If the cost judgment were not included, then Steak and Ale would be entitled to an award of attorney's fees. *Id.*

---

[1] Prejudgment interest is not authorized for damages awarded for personal injuries. *Argonaut*, 474 So. 2d at 214 n.1.

The supreme court resolved a conflict among the districts by holding that the cost judgment for pre-offer costs was part of the "judgment obtained" under the statute, approving *Perez v. Circuit City Stores, Inc.*, 721 So. 2d 409 (Fla. 3d DCA 1998), *rev. dismissed*, 729 So. 2d 390 (Fla. 1999). *Id.* at 548-50. It then determined that "common sense, fairness, and the purpose of the offer-of-judgment statute" led the court to the conclusion that the judgment for costs should be included in the net judgment entered for purposes of section 768.79. *Id.* at 550. In *White,* where there were judgments entered for both the costs and the jury verdict, the combined "judgment entered" or "judgment obtained" exceeded the offer by more than the statutory threshold. *Id.* at 551.

Had the court simply stated that the cost judgment together with the judgment for damages exceeded the threshold, the opinion would have been consistent with the plain meaning of "judgment entered" or "judgment obtained." The opinion went further, however. It relied on *Danis Industries Corp. v. Ground Improvement Techniques, Inc.*, 645 So. 2d 420, 421-22 (Fla. 1994), in which, considering section 627.428 regarding attorney's fees awardable to a prevailing insured in an action against an insurance company, the court said:

> [A]ny offer of settlement shall be construed to include all damages, attorney fees, taxable costs, and prejudgment interest which would be included in a final judgment if the final judgment was entered on the date of the offer of settlement.

*Id.* at 550-51. The court in *White* further found:

> We reaffirmed this principle in our recent decision in *Scottsdale Insurance. Co. v. DeSalvo*, 748 So. 2d 941, 944 n.3 (Fla. 1999), where we explained that the plaintiff's "recovery" must be added to its "attorney fees, costs, and prejudgment interest" accrued up to the date of the "offer" to determine the total "judgment." It is this judgment to which the offer must be compared in determining whether to award fees and costs. *Id.*

*Id.* at 551 (footnote omitted). The *White* court then concluded:

> [T]he "judgment obtained" pursuant to section 768.79 includes the net judgment for damages and any attorneys' fees and taxable costs that *could have been* included in a final judgment *if such final judgment was entered on the date of the*

6

*offer.* Thus, in calculating the "judgment obtained" for purposes of determining whether the party who made the offer is entitled to attorneys' fees, the court must determine the total net judgment, which includes plaintiff's taxable costs up to the date of the offer and, where applicable, the plaintiff's attorneys' fees up to the date of the offer.

*Id.* (emphasis added). Thus, the court did not use the judgment actually entered or recovered in accordance with the statutory language, but it directed the calculation of a different amount based upon what might have been a final judgment at the time that the offer was made. However, the court did not include in this calculation any direction regarding prejudgment interest.

While the court relied on *Danis* and *Scottsdale Insurance Co.*, section 627.428 is not the same as section 768.79. *Danis* established that under section 627.428, an insured is a prevailing party only when the insured obtains a judgment in excess of any offer of settlement tendered by the insurer. *Danis*, 645 So. 2d at 421. The court was defining what it meant to prevail in suits against an insurance company; it was not construing what "judgment entered" or "judgment obtained" meant under section 768.79.

Nevertheless, in *Shands Teaching Hospital and Clinics, Inc. v. Mercury Insurance Co. of Florida*, 97 So. 3d 204, 214 (Fla. 2012), the court added to the *White* formula in briefly determining that an insurer was not entitled to attorney's fees pursuant to an offer of judgment. It noted that, "We have interpreted the 'judgment obtained' under section 768.79 to include 'the total net judgment, which includes the plaintiff's taxable costs up to the date of the offer and, where applicable, the plaintiff's attorneys' fees up to the date of the offer.'" *Id.* (citing *White*, 816 So. 2d at 551). The court then quoted with approval the trial court's final judgment in which the court had applied the formula of *White*, "adding to the amount of damages recovered the attorney's fees, costs and *pre-judgment interest accrued up to the date of the proposal for settlement.*" *Id.* (emphasis added). Based upon that calculation, the plaintiff had exceeded the threshold amount, and the insurer was not entitled to attorney's fees. *Id.* The supreme court appears to have approved the inclusion of pre-offer prejudgment interest in the calculation of "judgment obtained" under the statute, even though neither discussed this, noted that prejudgment interest was *not* included in *White's* formula, nor specifically held that post-offer prejudgment interest was excluded.

7

In *Shands*, the supreme court's approval of the trial court's denial of fees rested on the inclusion of pre-offer prejudgment interest in the *White* formula. Thus, we conclude that this cannot be treated as mere dicta. We are therefore bound to follow the supreme court's opinion. *See Pardo.* Nevertheless, we are troubled by how far the formula created in *White* strays from what we believe is the plain meaning of the statute.

Our opinion, that prejudgment interest may only be included in the *White* formula up to the time of the offer, is based on our tenuous conclusion that *Shands* allows for inclusion of only pre-offer prejudgment interest in the threshold calculation for purposes of section 768.79. As such, our opinion now conflicts with *Perez*, which the supreme court approved in *White*, albeit on the issue of inclusion of costs in the judgment. In *Perez*, the court included prejudgment interest without limiting it to the pre-offer portion of the judgment. *Perez*, 721 So. 2d at 410 n.2. It also conflicts with *Phillips*, which directly held that all prejudgment interest was included in the threshold amount. *Phillips*, 585 So. 2d at 1039.

We also think that the proper interpretation of the offer of judgment statute is a question of great public importance, as it is so widely used and is an important tool for settlement of litigation. We therefore certify conflict with both *Perez* and *Phillips*. We also certify the following question to the supreme court:

> FOR PURPOSES OF CALCULATING WHETHER A PLAINTIFF HAS MET THE THRESHOLD AMOUNT OF DIFFERENCE BETWEEN AN OFFER OF JUDGMENT AND THE JUDGMENT ENTERED FOR PURPOSES OF SECTION 768.79, FLORIDA STATUTES, MUST POST-OFFER PREJUDGMENT INTEREST BE EXCLUDED FROM THE AMOUNT OF THE "JUDGMENT OBTAINED"?

GROSS, J., and WEISS, DALIAH, Associate Judge, concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**