# Supreme Court of Florida

————

No. SC19-861

————

**CCM CONDOMINIUM ASSOCIATION, INC., etc.**,
Petitioner,

vs.

**PETRI POSITIVE PEST CONTROL, INC., etc.**,
Respondent.

September 9, 2021

POLSTON, J.

We review the Fourth District Court of Appeal's decision in

*Petri Positive Pest Control, Inc. v. CCM Condominium Ass'n*, 271 So.

3d 1001 (Fla. 4th DCA 2019), in which the Fourth District certified

the following question of great public importance:

> FOR PURPOSES OF CALCULATING WHETHER A
> PLAINTIFF HAS MET THE THRESHOLD AMOUNT OF
> DIFFERENCE BETWEEN AN OFFER OF JUDGMENT
> AND THE JUDGMENT ENTERED FOR PURPOSES OF
> SECTION 768.79, FLORIDA STATUTES, MUST POST-
> OFFER PREJUDGMENT INTEREST BE EXCLUDED
> FROM THE AMOUNT OF THE "JUDGMENT OBTAINED"?

*Id.* at 1007. In its decision, the Fourth District also certified conflict with the Third District Court of Appeal's decision in *Perez v. Circuit City Stores, Inc.*, 721 So. 2d 409 (Fla. 3d DCA 1998), and the First District Court of Appeal's decision in *Phillips v. Parrish*, 585 So. 2d 1038 (Fla. 1st DCA 1991). *Petri*, 271 So. 3d at 1007.[1]

Based upon this Court's precedent and as explained below, we answer the certified question in the affirmative, approve the Fourth District's decision in *Petri*, and disapprove the Third District's decision in *Perez* and the First District's decision in *Phillips* to the extent they are inconsistent with our decision today.

## I. BACKGROUND

The Fourth District described the background of this case as follows:

> In 2013, the appellee/plaintiff, CCM Condominium Association, Inc., sued the appellant/defendant, Petri Positive Pest Control, Inc., for negligence and breach of contract regarding the parties' contract for Petri to address a termite problem at CCM's property. Petri answered, denying the allegations. CCM served an amended offer of judgment in 2014, pursuant to section 768.79, Florida Statutes. It offered to settle all of CCM's claims for damages, including punitive damages, attorney's fees, costs, and interest, for $500,000. Petri rejected the offer.

---

1. We have jurisdiction. *See* art. V, § 3(b)(4), Fla. Const.

Following a trial in 2016, the jury found in favor of CCM on its breach of contract claim, and it awarded CCM $551,881 in damages. CCM submitted a proposed final judgment, requesting $551,881 in damages, and an additional $84,295.60 in prejudgment interest calculated by an accountant, with a per diem rate for each day. This amount included both pre-offer of settlement and post-offer of settlement interest. The court entered judgment based on those calculations for a total of $636,326.90. CCM then moved to tax costs, which the court granted in the amount of $73,579.21.

CCM moved for attorney's fees pursuant to section 768.79, Florida Statutes, the offer of judgment statute, contending that its judgment of $636,326.90, inclusive of interest, exceeded the offer by more than 25%. Thus, CCM was entitled to an award of attorney's fees incurred. Petri objected, contending that in accordance with *White v. Steak & Ale of Florida, Inc.*, 816 So. 2d 546 (Fla. 2002), the amount of the plaintiff's total recovery included only its attorney's fees, costs, and prejudgment interest accrued up to the date of the offer of judgment. Without the post-offer prejudgment interest and costs, CCM had not met the threshold amount of $625,000.

The court granted CCM's motion for attorney's fees. It concluded that *White* addressed only pre-offer costs in relation to a plaintiff's "judgment obtained," not prejudgment interest. Relying on *Perez v. Circuit City Stores, Inc.*, 721 So. 2d 409 (Fla. 3d DCA 1998), the court ruled that prejudgment interest is included in the "judgment obtained" for section 768.79 purposes. The court held a hearing to determine the amount of attorney's fees, and the parties ultimately agreed on the amount, leaving the issue of entitlement for this appeal.

*Petri*, 271 So. 3d at 1002-03.

On appeal, the Fourth District reversed the award of attorney's fees based upon this Court's precedent, although it concluded that

- 3 -

the plain meaning of section 768.79 did not support the precedent. The Fourth District held that this Court's decisions in *White* and *Shands Teaching Hospital & Clinics, Inc. v. Mercury Insurance Co. of Florida*, 97 So. 3d 204 (Fla. 2012), required the exclusion of post-offer prejudgment interest from the "judgment obtained" when determining entitlement to attorney's fees pursuant to section 768.79. The Fourth District explained that its conclusion, that only pre-offer prejudgment interest is included in the calculation, conflicts with the Third District's decision in *Perez* and the First District's decision in *Phillips*. Therefore, the Fourth District certified conflict with *Perez* and *Phillips*, both pre-*White* cases. It also certified the above question of great public importance.

## II. ANALYSIS

CCM argues that the plain meaning of section 768.79 does not exclude post-offer prejudgment interest from the "judgment obtained" that is compared to a rejected settlement offer when determining whether to award attorneys' fees under the offer of judgment statute. Petri counters that this Court in *White* already held that post-offer prejudgment interest is to be excluded and that the *White* formula has been consistently and workably applied and

- 4 -

reaffirmed for nearly two decades. Because this Court's precedent is not clearly erroneous, we decline to recede from the *White* formula.

This Court recently explained that "[i]n a case where we are bound by a higher legal authority—whether it be a constitutional provision, a statute, or a decision of the Supreme Court—our job is to apply that law correctly to the case before us." *State v. Poole*, 297 So. 3d 487, 507 (Fla. 2020). And "[w]hen we are convinced that a precedent clearly conflicts with the law we are sworn to uphold, precedent normally must yield." *Id.* "But once we have chosen to reassess a precedent and have come to the conclusion that it is clearly erroneous, the proper question becomes whether there is a valid reason *why not* to recede from that precedent." *Id.* When determining whether there is a valid reason not to recede, "[t]he critical consideration ordinarily will be reliance." *Id.*

Section 768.79(1), Florida Statutes (2014) (emphasis added), provides that "[i]f a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a *judgment* in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and

- 5 -

attorney's fees incurred from the date of the filing of the demand."

Similarly, section 768.79(6)(b), Florida Statutes (2014) (emphasis added), provides that "[i]f a plaintiff serves an offer which is not accepted by the defendant, and if the *judgment obtained* by the plaintiff is at least 25 percent more than the amount of the offer, the plaintiff shall be awarded reasonable costs, including investigative expense, and attorney's fees . . . incurred from the date the offer was served."  Section 768.79(6), Florida Statutes (2014) (emphasis added), explains that "judgment obtained" in subsection (6)(b) "means the amount of the *net judgment entered*, plus any postoffer settlement amounts by which the verdict was reduced."

In *White* this Court concluded that, in determining whether attorney's fees are to be awarded under section 768.79, settlement offers should be compared to what would be included in judgments if the judgments were entered on the date of the settlement offers because these amounts are the ones that are evaluated when determining the amount of offers and whether to accept offers.  *See* 816 So. 2d at 550-51.  This Court in *White* reasoned as follows:

> In determining both the amount of the offer and whether to accept the offer, the party necessarily must evaluate not only the amount of the potential jury verdict, but also

any taxable costs, attorneys' fees, and prejudgment interest to which the party would be entitled if the trial court entered the judgment at the time of the offer or demand.  As we stated in *Danis Industries Corp. v. Ground Improvement Techniques, Inc.*, 645 So. 2d 420, 421–22 (Fla. 1994):

> [A]ny offer of settlement shall be construed to include all damages, attorney fees, taxable costs, and prejudgment interest which would be included in a final judgment if the final judgment was entered on the date of the offer of settlement.

*Id.* at 421–22.  We reaffirmed this principle in our recent decision in *Scottsdale Insurance. Co. v. DeSalvo*, 748 So. 2d 941, 944 n.3 (Fla. 1999), where we explained that the plaintiff's "recovery" must be added to its "attorney fees, costs, and prejudgment interest" accrued up to the date of the "offer" to determine the total "judgment."  It is this judgment to which the offer must be compared in determining whether to award fees and costs.  *Id.*

In summary, we conclude that the "judgment obtained" pursuant to section 768.79 includes the net judgment for damages and any attorneys' fees and taxable costs that could have been included in a final judgment if such final judgment was entered on the date of the offer.  Thus, in calculating the "judgment obtained" for purposes of determining whether the party who made the offer is entitled to attorneys' fees, the court must determine the total net judgment, which includes the plaintiff's taxable costs up to the date of the offer and, where applicable, the plaintiff's attorneys' fees up to the date of the offer.

*Id.* (footnotes omitted).

Then, in *State Farm Mutual Automobile Insurance Co. v.*

*Nichols*, 932 So. 2d 1067, 1074 (Fla. 2006), this Court reaffirmed

the *White* formula, which we described as follows:

> In *White v. Steak & Ale of Florida, Inc.*, 816 So. 2d 546
> (Fla. 2002), we held that the term "judgment" under the
> offer of judgment statute must be defined—as it is under
> section 627.428—to include not only the plaintiff's
> damages award, but also any attorney's fees, taxable
> costs, and prejudgment interest to which the plaintiff
> would have been entitled when the offer was made. *Id.* at
> 551. "It is this judgment to which the offer must be
> compared in determining whether to award fees and
> costs" under both the offer of judgment statute and
> section 627.428. *Id.* (citing *DeSalvo*, 748 So. 2d at 944
> n.3).

Additionally, in *Shands*, 97 So. 3d at 213, this Court held that a

trial court properly calculated the "judgment obtained" as including

pre-offer prejudgment interest pursuant to the *White* formula.

Following the formula that this Court first set forth in *White*,

the district courts have consistently excluded amounts that were

not present on the date of the offer, including damages for claims

that had not yet been added. *See Palmentere Bros. Cartage Serv. v.*

*Copeland*, 277 So. 3d 729, 733 (Fla. 1st DCA 2019) ("Because

punitive damages were not part of the case on the date of the offer

of settlement, the calculation of the 'net judgment' and 'judgment

- 8 -

obtained' required in section 768.79(6)(b), could not include the amount of the punitive damages verdict."); *R.J. Reynolds Tobacco Co. v. Lewis*, 275 So. 3d 747, 749 (Fla. 5th DCA 2019) (explaining that "it is clear that under *White*, a court may only properly consider those costs that were already taxable on the date the PFS was filed," and holding that the experts' costs were not taxable because they had not been deposed and did not testify); *Diecidue v. Lewis*, 223 So. 3d 1015, 1017 n.2 (Fla. 2d DCA 2017) ("The majority of this cost award was not considered when calculating the necessary twenty-five percent margin in section 768.79(1) because the costs were not incurred on [the date of the offer]."); *UCF Athletics Ass'n v. Plancher*, 121 So. 3d 616, 618-19 (Fla. 5th DCA 2013) (explaining that "[f]or the purpose of the offer of judgment statute, the judgment obtained includes the net judgment for damages and any attorney's fees and taxable costs that could have been included in a final judgment if such final judgment was entered on the day of the offer," and reversing the award of attorneys' fees because "[h]ad the trial court properly ruled [on the issue of sovereign immunity], on the day the offer was made, the most Appellee would have been entitled to recover from UCFAA was

$200,000, an amount much less than the offer Appellee made to settle the case"); *Nilo v. Fugate*, 30 So. 3d 623, 625 (Fla. 1st DCA 2010) ("Only those costs incurred pre-demand may be considered in determining whether the total judgment meets the statutory threshold."); *Segundo v. Reid*, 20 So. 3d 933, 938 (Fla. 3d DCA 2009) ("[T]o require the defendant to pay attorney's fees as a sanction for 'unreasonably' rejecting the plaintiff's proposal for settlement would penalize the defendant for damages not pled nor proven until after the proposal for settlement was rejected and permit the plaintiff to benefit from the changing nature of his claim after the proposal for settlement expired."); *Segui v. Margill*, 864 So. 2d 518, 518 (Fla. 5th DCA 2004) ("[*White*] do[es] not support the award of attorney's fees in the instant case because no attorney's fees had accrued as of the date of the offer of settlement."); *Amador v. Walker*, 862 So. 2d 729, 731 (Fla. 5th DCA 2003) (rejecting the argument that "[t]he lesson and holding of *White* is that all taxable costs, pre-offer and post-offer, are to be included in determining the 'judgment obtained' ").

In fact, as Petri notes, CCM does not cite a decision after *White* that stands for the proposition that post-offer prejudgment interest

is included in the "judgment obtained." Even the two decisions with which the Fourth District certified conflict are pre-*White* decisions. *See Petri*, 271 So. 3d at 1007 (certifying conflict with *Perez*, which was decided by the Third District in 1998, and *Phillips*, which was decided by the First District in 1991). Moreover, as Petri argued during oral argument, the *White* formula appears somewhat uniquely clear and consistently applied in Florida's related jurisprudence.

When considering the text of section 768.79 as a whole and in context, we cannot conclude that this Court's precedent setting forth the *White* formula is "clearly erroneous." *Poole*, 297 So. 3d at 507. We simply do not have a definite and firm conviction that this Court's prior interpretation of the offer of judgment statute and the terms "judgment," "judgment obtained," and "net judgment entered" is wrong. *Cf. United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) ("A finding [in an action tried without a jury] is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."); *Branch v. Sec'y, Fla. Dep't of Corr.*, 638 F.3d 1353, 1356 (11th Cir. 2011) ("A

- 11 -

finding is clearly erroneous when we are left with the definite and firm conviction that it is wrong."); *Tropical Jewelers Inc. v. Bank of Am., N.A.*, 19 So. 3d 424, 426 (Fla. 3d DCA 2009) (same).

CCM claims that the language of section 768.79(6) defining "judgment obtained" as the "net judgment entered," means that all amounts awarded in any judgment in the case are to be used for comparison to the offer, including all prejudgment interest, all costs, and all attorney's fees. However, the term "net judgment entered" does not automatically include attorney's fees, interest, or costs. Further, section 768.79(2) provides that "[t]he offer shall be construed as including all damages which may be awarded in a final judgment." Attorney's fees and costs are not damages. *See First Specialty Ins. Co. v. Caliber One Indem. Co.*, 988 So. 2d 708, 714 (Fla. 2d DCA 2008); *Golub v. Golub*, 336 So. 2d 693, 694 (Fla. 2d DCA 1976). It was only by interpreting the phrase "net judgment entered," which is not defined in the statute, that this Court determined that pre-offer attorneys' fees, pre-offer costs, and pre-offer prejudgment interest should be included in the "judgment obtained."

Accordingly, because we cannot conclude that this Court's prior interpretation of section 768.79 is clearly erroneous, we decline to recede from the formula this Court set forth in *White*. *See Poole*, 297 So. 3d at 507.

### III. CONCLUSION

Based upon this Court's precedent from which we decline to recede, we hold that post-offer prejudgment interest is excluded from the "judgment obtained" that is compared to a rejected settlement offer when determining entitlement to attorneys' fees under section 768.79. Accordingly, we answer the certified question in the affirmative, approve the Fourth District's decision in *Petri*, and disapprove the Third District's decision in *Perez* and the First District's decision in *Phillips* to the extent they are inconsistent with this decision.

It is so ordered.

LABARGA, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.
CANADY, C.J., dissents with an opinion, in which LAWSON, J., concurs.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

- 13 -

CANADY, C.J., dissenting.

The majority rest its decision on the conclusion that the question presented is settled by our precedents and there is not an adequate basis for disturbing those precedents. But as the Fourth District correctly acknowledged, this Court "has never squarely addressed [the] issue" presented for decision here. *Petri Positive Pest Control, Inc. v. CCM Condo. Ass'n*, 271 So. 3d 1001, 1002 (Fla. 4th DCA 2019). Because we have no applicable precedent and the result reached by the majority is detached from the text of the statute, I dissent. I would conclude that post-offer prejudgment interest must be included in calculating the "judgment obtained" under section 768.79, answer the certified question in the negative, and quash the decision on review.

"Not all text within a judicial decision serves as precedent. That's a role generally reserved only for holdings: the parts of a decision that focus on the legal questions actually presented to and decided by the court." Bryan A. Garner et al., *The Law of Judicial Precedent* 44 (2016). "A decision's authority as precedent is limited to the points of law raised by the record, considered by the court, and determined by the outcome. The assumptions a court uses to

- 14 -

reach a particular result do not themselves create a new precedent or strengthen existing precedent." *Id.* at 84.

Here, the primary authority on which the majority relies, *White v. Steak & Ale of Florida, Inc.*, 816 So. 2d 546 (Fla. 2002), stated that the "question presented" was "whether a prevailing party's *pre-offer taxable costs* are included for purposes of calculating the 'judgment obtained.'" *Id.* at 549 (emphasis added). The framing of the issue by the petitioner and the Court in *White* left aside the issue of post-offer taxable costs. So the Court had no occasion to decide whether post-offer taxable costs—much less post-offer prejudgment interest—should be included in the calculation of the amount of the judgment obtained. Of course, in *White* any argument over post-offer costs would have been meaningless, since the 25%-of-offer threshold was crossed once pre-offer costs were included in the calculation of the judgment obtained. In *White*, the holding of the Court turned on its rejection of decisions that had excluded *all costs* from the calculation of the judgment obtained. *Id.* at 550. The Court reasoned that costs were properly considered in "determining the judgment threshold because a prevailing party

is entitled to a judgment for taxable costs." *Id.* That resolved the issue presented to the Court for decision in *White.*

What *White* went on to say about costs, fees and interest "to which the party would be entitled if the trial court entered the judgment at the time of the offer or demand," *id.*, was not necessary to decide the issue presented. *See id.* at 550-51. Indeed, the issue presented effectively assumed at least that post-offer costs would not be included in the calculation of the judgment obtained. But such an assumption that is not necessary to the resolution of the issue actually presented is not transformed into a holding even if the court adopts the assumption.

The majority's reliance on *Shands Teaching Hospital & Clinics, Inc. v. Mercury Insurance Co. of Florida*, 97 So. 3d 204 (Fla. 2012), is similarly misplaced. There is no indication in the *Shands* opinion that any argument was presented to the Court regarding post-offer costs and post-offer prejudgment interest. In any event, the award of fees sought under section 768.79 was defeated without any need to consider post-offer costs or post-offer prejudgment interest. *See id.* at 214. So—just as in *White*—that issue was irrelevant to the disposition of the section 768.79 issue in the case.

In *State Farm Mutual Automobile Insurance Co. v. Nichols*, 932 So. 2d 1067, 1074 (Fla. 2006), the Court did refer to the pre-offer language of *White* in providing background, but the reference had no bearing on the issues actually presented and decided. *Nichols* held "that the offer of judgment statute applies to PIP suits" but that the offer at issue was invalid because it "was too ambiguous." *Id.* at 1080. Given the invalidity of the offer, there was no need for the Court to consider the question presented in this case or any other question concerning the calculation of the judgment obtained. *Nichols* by no means established or reaffirmed any precedent relevant to the issue in this case.

A fair reading of the text of the statute cannot support the interpretation articulated in the statements from *White* relied on by the majority. As the Fourth District explains, the authorities cited in *White* to support its discussion that is relevant to post-offer fees, costs and interest are cases interpreting a different statute, section 627.428, Florida Statutes, which provides for the award of prevailing party fees to an insured in litigation against an insurer. That statute is structured in an entirely different manner than section 768.79. There is no relevant textual similarity and thus no

basis for applying the interpretation of one statute to the other statute. The pertinent statements from *White* thus are of very dubious provenance. In issuing those statements, the *White* opinion simply did not engage the relevant provisions of section 768.79.

There is no path from the statutory language of section 768.79—"net judgment entered"—to the meaning adopted by the majority—a hypothetical judgment equivalent to "what would be included in judgments if the judgments were entered on the date of the settlement offers." Majority op. at 6. The legislature certainly could have enacted a statute with such a meaning. Indeed, the legislature has enacted a statute containing a very similar provision. Section 45.061, Florida Statutes (2020), which applies to offers of settlement for causes of action that accrued on or before the effective date of the statute in 1990, contains a provision defining "the amount of the judgment" as "the total amount of money damages awarded plus the amount of costs and expenses reasonably incurred by the plaintiff or counter-plaintiff prior to the making of the offer." § 45.061(2)(b), Fla. Stat. So the legislature certainly knows how to clearly exclude post-offer costs and

expenses from the definition of the amount of judgment used to determine whether an award is to be made under an offer of judgment statute.

In previously rejecting particular statutory interpretations, "we have pointed to language in other statutes to show that the Legislature 'knows how to' accomplish what it has omitted in the statute in question." *Cason v. Fla. Dep't of Mgmt. Servs.*, 944 So. 2d 306, 315 (Fla. 2006). "[W]here the legislature has inserted a provision in only one of two statutes that deal with closely related subject matter, it is reasonable to infer that the failure to include that provision in the other statute was deliberate rather than inadvertent." *Olmstead v. F.T.C.*, 44 So. 3d 76, 82 (Fla. 2010) (alteration in original) (quoting 2B Norman J. Singer & J.D. Shambie Singer, *Statutes and Statutory Construction* § 51:2 (7th ed. 2008)). The omission from section 768.79 of a provision similar to the pre-offer provision of section 45.061 strongly militates against the result reached by the majority.

LAWSON, J., concurs.

Application for Review of the Decision of the District Court of Appeal
    Certified Great Public Importance/Certified Direct Conflict of
    Decisions

Fourth District - Case No. 4D18-1290

(Broward County)

Steven J. Hammer and Zane Berg of Schlesinger Law Offices, P.A., Fort Lauderdale, Florida; Shea T. Moxon, Celene H. Humphries, and Joseph T. Eagleton of Brannock, Humphries & Berman, Tampa, Florida; and Thomas P. Angelo and James W. Carpenter of Angelo & Banta, P.A., Fort Lauderdale, Florida,

    for Petitioners

Mark D. Tinker, Tampa, Florida, and Sanaz Alempour of Cole, Scott & Kissane, P.A., Fort Lauderdale, Florida,

    for Respondents